UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY M. SOUZA, Plaintiff | ) | C.A. No. |
| v. | ) | CA 05 186 S |
| RHODE ISLAND CARPENTERS' PENSION PLAN, Defendant | ) | |

**COMPLAINT**

Plaintiff Barry M. Souza, by and through undersigned counsel, for his Complaint against defendant Rhode Island Carpenters' Pension Plan (the "Plan") alleges:

**I. Parties**

1. Plaintiff resides in Massachusetts.

2. The Plan is, on information and belief, an employee benefit plan sponsored, maintained and administered by the Rhode Island Carpenters Pension Fund ("R.I.C.P.F.").

**II. Jurisdiction**

3. Federal question jurisdiction based upon 28 U.S.C. §1331 exists because plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001 et seq.

4. As an employee benefit plan sponsored, maintained and administered within the State of Rhode Island, the Plan is subject to the personal jurisdiction of this Court.

1

## III. Factual Background

5. The Plan is, on information and belief, an employee benefit plan as that term is defined by ERISA, 29 U.S.C. §§1001 et seq. At all relevant times, plaintiff was a participant in the Plan.

6. The Summary Plan Description ("SPD") provides, in pertinent part: "You are totally and permanently disabled if you are unable to work as a carpenter or any other regular gainful employment. The Trustees will accept a determination by the Social Security Administration that you are eligible for Social Security disability benefits as proof of total and permanent disability." A true and accurate copy of the SPD is attached as Exhibit A.

7. On or about March 9, 2002, plaintiff fell from scaffolding and fractured his left ankle. Since the accident, he has suffered from continuing left knee pain. His severe knee pain renders him unable to work as a carpenter and precludes him from engaging in any other gainful employment.

8. In or about October, 2004 plaintiff applied for disability pension benefits under the Plan

9. In a letter dated October 27, 2004, "Co-Administrator" Donald Lavin informed plaintiff that the Plan's Board of Trustees denied plaintiff's request for disability pension benefits. Mr. Lavin informed plaintiff that the Board required "a determination of total and permanent disability from Social Security Disability" in order to approve an award of disability benefits. A true and accurate copy of the October 27, 2004 letter is attached as Exhibit B.

10. In a November 11, 2004 letter, plaintiff through counsel explained that he is not eligible for Social Security disability benefits because he does not have sufficient quarters

to qualify for the program. As a result, he cannot obtain a disability determination from the Social Security Administration. He asked the Board to re-evaluate his claim. A true and accurate copy of the November 11, 2004 letter is attached as Exhibit C.

11. In a November 29, 2004 letter Mr. Lavin informed plaintiff that at a May 21, 2002 board meeting, its Trustees voted to require a determination of total and permanent disability by the Social Security Administration to support total disability under the Pension Fund for retirements after June 1, 2002. A true and accurate copy of the November 29, 2004 letter is attached as Exhibit D.

12. Plaintiff was never notified previously of the change to the Plan.

13. In a February 9, 2005 letter to the Plan Administrator, plaintiff through counsel requested copies of the following pursuant to 29 U.S.C. § 1024(b)(4):

a) All Plan documents in effect from January 1, 1999 through present;

b) All Summary Plan Descriptions in effect from January 1, 1999 through present; and

c) Minutes from all meetings in which the Trustees enacted amendments or made any changes to the Plan from January 1, 1999 through present.

Plaintiff also requested that the Administrator provide the amount of benefits to which he would be entitled if he qualifies for disability pension benefits under the Plan. A true and accurate copy of his February 9, 2005 letter is attached as Exhibit E.

14. The Plan Administrator responded to this request on March 28, 2005.

15. Although the Administrator claims to have amended the Plan, no such amendment appears in the Summary Plan Description or other Plan documents provided to plaintiff.

16. Plaintiff never received notice of the amendment as required under 29 U.S.C. § 1024(b)(1)(B).

17. The purported amendment to the Plan is non-existent or invalid.

18. Plaintiff has exhausted administrative remedies available under the Plan.

**COUNT I—DISABILITY PENSION BENEFITS**

19. Plaintiff incorporates and realleges paragraphs 1 through 18 as if set forth fully herein.

20. As a result of the injury to his left knee, plaintiff is unable to work as a carpenter or engage in other gainful employment. Because he is totally and permanently disabled as that term is defined by the current SPD, he is entitled to disability benefits under the Plan.

21. The decision to deny pension benefits to plaintiff was incorrect and in violation of the terms of the Plan.

22. Pursuant to 29 U.S.C. 1132(a)(1)(b), plaintiff is entitled the total amount of disability pension benefits due to him.

**COUNT II—PENALTY FOR FAILURE TO SUPPLY REQUESTED INFORMATION**

23. Plaintiff incorporates and realleges paragraphs 1 through 21 as if set forth fully herein.

24. On February 9, 2005, plaintiff submitted a written request for copies of Plan documents from the Plan Administrator under 29 U.S.C. § 1024(b)(4). Exhibit E.

25. The Administrator did not respond to this request within thirty days as required under 29 U.S.C. § 1132(c)(B).

26. Pursuant to 29 U.S.C. § 1132(c)(B), plaintiff requests that the Court award him damages in the amount of $100 a day from the March 9, 2005, the date of the Administrator's failure to provide requested Plan materials, through March 28, 2005.

WHEREFORE, Plaintiff requests judgment against defendant Plan awarding him:

1. Disability pension benefits under the Plan;

2. Damages in the amount of $100 a day beginning March 9, 2005 and ending March 28, 2005;

3.

4. Reasonable attorneys fees, costs, expenses; and

5. Such further relief as the court deems proper.

Catherine A. Syner

Brooks R. Magratten, Esq., #3585
Catherine A. Syner, Esq. #6883
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: May 2nd, 2005