UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY M. SOUZA | : | |
| | : | |
| VS. | : | C.A. NO.: 05-186S |
| | : | |
| RHODE ISLAND CARPENTERS' PENSION PLAN | : | |

**RHODE ISLAND CARPENTERS' PENSION PLAN'S ANSWER AND AFFIRMATIVE DEFENSES**

Now comes Defendant, by and through its attorneys, and states.

I. PARTIES

1. Admit.
2. Admit.

II. JURISDICTION

3. Admit.
4. Admit.

III. Factual Background

5. Defendant admits that the Plan is an employee benefit plan pursuant to ERISA and that Plaintiff was a participant in the Plan. Defendant denies the remaining allegations contained in paragraph 5.
6. Admit.
7. Defendant is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 7; therefore it denies these allegations.
8. Admit.

3

9. Defendant admits that by letter dated October 27, 2004, Co-administrator Donald Lavin informed Plaintiff that the Board of Trustees denied Plaintiff's request for a disability pension and that the Board requires a determination of total and permanent disability from Social Security Disability in order to evaluate disability pension requests. Defendant denies the remaining allegations contained in paragraph 9.

10. Defendant admits that by letter dated November 11, 2004, Attorney William J. Gately, Jr., on behalf of Plaintiff, claimed the Plaintiff was unable to "get a determination from Social Security concerning his disability because he does not have sufficient quarters to qualify for Social Security". Attorney Gately asked Defendant to reevaluate Plaintiff's eligibility. Defendant denies the remaining allegations contained in paragraph 10.

11. Admit.

12. Deny.

13. Admit.

14. Deny.

15. Deny.

16. Deny.

17. Deny.

18. Deny.

## Count One
## Disability Pension Benefits

19. Defendant incorporates by reference to responses to paragraphs 1 through 18 as though fully set forth.

20. Deny.

21. Deny.

22. Deny.

## Count Two

23. Defendant incorporates by reference to responses to paragraphs 1 through 21 as though fully set forth.

24. Deny.

25. Deny.

26. Defendant avers that the allegations contained in paragraph 26 are a request for relief rather than allegations of fact, and no response is required.

## Prayer for Relief

WHEREFORE, Defendant respectfully requests that this Honorable Court deny and dismiss Plaintiff's complaint and award Defendant its attorney's fees and costs.

Respectfully submitted,

Marc B. Gursky, Esq. #2818
Gursky Law Associates
Scrabbletown Office Park
420 Scrabbletown Road, Ste C
North Kingstown, RI 02852
Telephone: (401) 294-4700
Facsimile: (401) 294-4702

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief may be granted.

2. The complaint is barred by the applicable period of limitations.

3. The terms of the Trust the allow Trustees complete discretion to interpret the Plan of Benefits, and the Trustees interpretation was not arbitrary and capricious.

4. Plaintiff failed to exhaust his Plan remedies.

Respectfully submitted,

Marc B. Gursky, Esq. #2818
Gursky Law Associates
Scrabbletown Office Park
420 Scrabbletown Road, Ste C
North Kingstown, RI 02852
Telephone: (401) 294-4700
Facsimile: (401) 294-4702

Dated: 5/18/05

## CERTIFICATION

I hereby certify that I mailed a true copy of the within via first class mail, postage prepaid on the 18th day of May, 2005 to the following:

Catherine A. Syner, Esquire
Vetter & White, Attorneys at Law
20 Washington Place
Providence, RI 02903