UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY M. SOUZA, Plaintiff | ) | C.A. No. 05-186/S |
| v. | ) | |
| RHODE ISLAND CARPENTERS' PENSION PLAN, Defendant | ) | |

**MOTION FOR ENTRY OF DEFAULT**

Pursuant to F.R.C.P. 37(b)(2)(C), and based on the Affidavit of Catherine A. Syner, Esq. filed herewith, plaintiff Barry Souza hereby applies to the Clerk for entry of the default of defendant Rhode Island Carpenters' Pension Plan for its failure to provide responses to plaintiff's request for production of documents pursuant to the Court's December 6, 2005 order.

Plaintiff files herewith the Affidavit of Catherine A. Syner, Esq. and a supporting memorandum of law.

Catherine A. Syner
Brooks R. Magratten, Esq., #3585
Catherine A. Syner, Esq. #6883
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: December 20, 2005

CERTIFICATE OF SERVICE

TO:

Marc B. Gursky, Esq.
Gursky Law Associates
Scrabbletown Office Park
420 Scrabbletown Road, Ste C
North Kingstown, RI 02851

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Motion by mailing first class mail, postage prepaid, on the 20th day of December, 2005.

Cynthia Dragon

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY M. SOUZA, Plaintiff | ) | C.A. No. 05-186/S |
| v. | ) | |
| RHODE ISLAND CARPENTERS' PENSION PLAN, Defendant | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR ENTRY OF DEFAULT**

Plaintiff moves pursuant to F.R.C.P. 37(b)(2)(c) for entry of default for defendants' failure to comply with the Court's December 6, 2005 order compelling discovery.

Plaintiff filed this action seeking disability pension benefits. On June 3, 2005 plaintiff served interrogatories and requests for production on defendant Rhode Island Carpenters Pension Plan (the "Plan"), with responses due July 3, 2005. Affidavit of Catherine Syner, ("Syner Aff."), ¶ 2. The Plan did not provide discovery responses. Syner Aff., ¶ 3.

At a pretrial conference on August 10, 2005, Judge Smith stayed discovery for 60 days. Id. at ¶ 4. The stay was lifted October 10, 2005. Id. On November 15, 2005 plaintiff's attorneys sent by fax draft copies of motions to compel defendant's discovery responses to defendant's attorney, Marc B. Gursky, seeking voluntary compliance with the discovery requests. Id. at ¶ 5. By letter dated November 16, 2005 Attorney Gursky replied that he would have no objection to accepting service of the interrogatories and requests for production of documents effective the date of Judge Almond's pretrial order, which was entered on November 10, 2005. Id. at ¶ 6.

On November 21, 2005, plaintiff's attorneys sent a letter to Attorney Gursky stating that more than thirty days had elapsed since Judge Smith lifted the stay on discovery. They also advised Attorney Gursky that they would agree to a thirty day order if he needed more time. Id. at ¶ 7. They filed the motions to compel on November 21, 2005. Id. at ¶ 8. Plaintiff's attorneys did not receive an objection to either motion. Id. at ¶ 9.

In a letter dated November 21, 2005, Mr. Gursky stated that he would agree to a thirty day order. Id. at ¶ 10. Plaintiff's attorneys did not receive the letter from Attorney Gursky until December 6, 2005. Id. That same day, however, the Court granted plaintiff's motion to compel responses to its document requests by rule of court because no objection had been filed by defendant. Id. at ¶ 11.

By letter dated December 9, 2005, plaintiff's attorneys informed Attorney Gursky that they had received the Court's order granting plaintiff's motion to compel. Id. at ¶ 12. They asked him when they could expect to receive the Plan's responses. Id. As of the date of this motion, plaintiff has not received the Plan's discovery responses pursuant to the Court's order. Id. at ¶ 13. Attorney Gursky has given plaintiff's attorneys no indication as to when the Plan will be providing a response. Id.

If a party fails to obey an order to provide discovery, a court may enter an order rendering a judgment by default against the disobedient party. Fed. R. Civ. P. 37(b)(2)(C). Entering a default judgment is appropriate where, as here, a party has shown a complete disregard for the discovery process. See Local Union No. 251 v. Town Line Sand & Gravel, Inc., 511 F.2d 1198, 1199 (1st Cir. 1975); Hartford Fire Ins. Co. v. Leader Const. Co., 176 F.R.D. 202, 205 (E.D.N.C. 1997).

Defendants were served discovery over six months ago and have failed to

respond, despite their obligations under the rules, repeated requests by the plaintiff, and the Court's December 6, 2005 order. Accordingly, default should be entered against defendant.

Brooks R. Magratten, Esq., #3585
Catherine A. Syner, Esq. #6883
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: December 20, 2005

CERTIFICATE OF SERVICE

TO:

Marc B. Gursky, Esq.
Gursky Law Associates
Scrabbletown Office Park
420 Scrabbletown Road, Ste C
North Kingstown, RI 02851

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Memorandum by mailing first class mail, postage prepaid, on the 20th day of December, 2005.