**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| BARRY M. SOUZA, *Plaintiff,* | : | |
| v. | : | C.A. No. 05-186S |
| RHODE ISLAND CARPENTERS PENSION PLAN, *Defendant.* | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND CROSS-MOTION TO VACATE ORDER**

Defendant Rhode Island Carpenters' Pension Plan hereby objects to Plaintiff's Motion to for Entry of Default for the reasons set forth in its accompanying memorandum of law. Defendant further requests that the Court vacate its December 6, 2005 order granting Plaintiff's Motion to Compel Responses to Document Requests.

Rhode Island Carpenters
Pension Fund
By their attorneys,

Elizabeth Wiens, Esq.
Marc B. Gursky, Esq.
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax (401)294-4702

CERTIFICATION

I hereby certify that a true copy of the within document was sent by regular mail, postage prepaid, to Catherine A. Syner, VETTER & WHITE, 20 Washington Place, Providence, RI 02903 on this 28 day of December, 2005.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| BARRY M. SOUZA, *Plaintiff*, | : | |
| v. | : | C.A. No. 05-186S |
| RHODE ISLAND CARPENTERS PENSION PLAN, *Defendant*. | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND CROSS-MOTION TO VACATE ORDER**

Defendant Rhode Island Carpenters' Pension Plan hereby objects to Plaintiff's Motion for Entry of Default as said motion is baseless. Further, Defendant requests that this court vacate the Order granting Plaintiffs' Motion to Compel and conduct a hearing on Defendant's Objections.

**Facts**

Plaintiff filed this action on May 2, 2005 alleging that Defendant's decision to deny pension fund benefits to Plaintiff was incorrect and in violation of the terms of the Carpenters' Pension Plan. Defendant timely answered. On June 3, 2005, Plaintiff propounded interrogatories and requests for production on Defendant. Defendant's counsel, Attorney Marc Gursky, spoke with Attorney Brooks Magratten shortly thereafter and informed him that Plaintiff did not have the authority to send out discovery prior this Court issuing a discovery order. Attorney Magratten advised Attorney Gursky that he could have whatever time he needed to respond.

Throughout the summer of 2005, the parties engaged in settlement negotiations. On July 26, 2005, Defendant made a confidential settlement proposal to Plaintiff

essentially offering to reconsider Plaintiff's application for pension benefits in accordance with the standards Plaintiff asserts are proper. Plaintiff's counsel responded on August 2, 2005, requesting that Attorney Gursky contact her to confirm the terms of the proposal. No mention was made of outstanding discovery requests.

On August 10, 2005, the parties' counsel attended a pre-trial conference with the Honorable Judge Smith. Judge Smith recommended that Plaintiff consider Defendant's settlement proposal stating that, even if Plaintiff was successful in his claim, he would not receive an actual award of disability benefits but simply a declaration that he was entitled to consideration of his application. This is precisely what Defendant offered. Because the parties appeared close to reaching an agreement, Judge Smith did not issue a discovery order. Rather, he ordered that, if the case did not settle within sixty (60) days, the conference would be rescheduled. See Docket Entry of 8/10/2005.

Plaintiff did not respond to Defendant's offer and, accordingly, the case did not settle. On November 10, 2005, a pre-trial conference was held before Magistrate Judge Lincoln D. Almond. Like Judge Smith, Judge Almond also recommended that Plaintiff consider Defendant's settlement offer. At the conference, Plaintiff's Counsel, Catherine Syner, indicated to Judge Almond that she would report back on whether Plaintiff would accept the settlement proposal. At that time, Judge Almond entered a pretrial order setting discovery deadlines.

Attorney Syner never reported to Defendant on whether the settlement offer would be accepted. Instead, on November 15, 2005, Attorney Syner sent Attorney Gursky draft motions to compel her prematurely filed discovery, asking him to agree to a twenty-day order. Attorney Gursky responded the next day that he was confused by the

motions because it was his understanding, based on discussions had at the pre-trial conference, that the parties were close to resolving the case. See Exhibit B, attached to Plaintiff's Memorandum in Support of its Motion for Entry of Default. Attorney Gursky reiterated that the discovery requests were premature but that he would have no objection to accepting service of the interrogatories and request for production effective the date of Judge Almond's order permitting discovery. He would then respond within the usual thirty days.

Attorney Syner responded on November 21, 2005 that "more than thirty days have elapsed since Judge Smith lifted the stay of discovery.[1] We will agree to a thirty day order if you need more time to respond." Attorney Gursky agreed to the thirty day order, "provided our objections are deemed reserved." He asked Attorney Syner to prepare a form of order. On or about November 22, 2005, Defendant received Plaintiffs motions to compel. On December 6, 2005, out of an abundance of caution, Plaintiff filed objections to both motions. Defendant never received a form of order from Plaintiff; however, Defendant also never received any indication that the Plaintiffs were renouncing the agreed-upon thirty day extension.

The Court received the objection to the motion to compel interrogatories but the clerk's office related to Defendant's counsel that it did not receive Defendant's objection to the motion to compel requests for production. Accordingly, Plaintiff's motion to compel responses to requests for production was granted by rule of Court on December 6, 2005.

---

[1] Judge Smith never lifted a stay of discovery. Rather, as the docket entry indicates, Judge Smith gave the parties sixty days to resolve the matter before a pre-trial discovery conference would be scheduled.

The order granting Plaintiff's Motion to Compel document requests required that Defendant produce documents by December 5, 2005, the day before the motion was granted.

## Argument

### I. PLAINTIFF'S MOTION IS BASELESS AND MUST BE DENIED

Because Plaintiff's discovery requests were not in compliance with the Federal Rules of Civil Procedure, the order granting them is improper. As Defendant argued in its Objection, pursuant to Rule 26(f), discovery was not properly served until the pre-trial order was entered in this case. Consequently, because the Order granting Plaintiff's Motion to Compel is void *ab initio*, Defendant has not violated an order of this Court.

Furthermore, even if the Order is not void, Defendant filed its objection to the motion with this court on December 6, 2005, at the same time it filed its objection to Plaintiff's Motion to Compel Interrogatory Answers. Defendant does not know why the Court has no record of said Objection but has attached the Objection, which is nearly identical in substance to its Objection to the Motion to Compel Interrogatory Answers, hereto. Defendant made a good-faith effort to respond to Plaintiff's Motion by filing an Objection. Defendant respectfully requests that the Court vacate the order and consider Defendant's Objection.

Default is further inappropriate here because Defendant could not possible comply with the Order. As indicated above, the rule-of-court order granting Plaintiff's Motion required production the day before the Order was entered. It is well-settled that "sanctions imposed by Rule 37(b)(2) clearly presuppose opportunity to comply with court's order followed by failure to do so." O'Toole v William J. Meyer Co., 243 F.2d

765. (5th Cir. 1957). Defendant had no opportunity to comply with this Court's Order. Moreover, "sanctions can be imposed for failure to obey an order compelling discovery under Rule 37(a) only if that order was justified." Black Panther Party v Smith 661 F2d 1243 (D.C.Cir. 1981). Clearly, an order is unjust where it is violated the very moment it is issued. See also Diehl v H.J. Heinz Co., 901 F.2d 73 (7th Cir. 1990) (an order requiring compliance with discovery requests by close of business day on which order was issued is unjust and unreasonable, thus sanctions under Rule 37(a) are inappropriate).

Finally, Defendant notes that Plaintiff's assertion that Defendant "has shown a complete disregard for the discovery process" is false and baseless. While it is true that Defendants were served with discovery requests six months ago, Plaintiff's attorney knows full-well that the requests were premature. Plaintiff now attempts to mislead this Court by asserting that discovery has been outstanding for months. This is simply not true. Defendant has communicated with Plaintiff for months in an effort to resolve this litigation. Despite Plaintiff's repeated expressions of an intent to consider settling this matter, Plaintiff has failed to provide any response to Defendant. Nevertheless, when served with a motion to compel, Defendant acted in good faith and agreed to respond to the requests despite the fact that said requests were not properly served. Thereafter, despite the parties' agreement that the documents would be produced in thirty days, Plaintiff filed and pursued its Motion to Compel. Now, despite the fact that Defendant has provided Plaintiff with most of what he has requested, Plaintiff seeks default because of Defendant's noncompliance with an impossible Order.[2]

[2] On December 28, 2005, Defendant responded in full (with objections) to Plaintiff's Request for Production.

## Conclusion

For all of the foregoing reasons, Defendant requests that Plaintiff's Motion for Entry of Default be denied and the Court's Order of December 6, 2005 be vacated.

Rhode Island Carpenters
Pension Fund
By their attorneys,

Elizabeth Wiens, Esq.
Marc B. Gursky, Esq.
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax (401)294-4702

CERTIFICATION

I hereby certify that a true copy of the within document was sent by regular mail, postage prepaid, to Catherine A. Syner, VETTER & WHITE, 20 Washington Place, Providence, RI 02903 on this ______ day of December, 2005.