UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY M. SOUZA, Plaintiff | ) | C.A. No. 05-186/S |
| v. | ) | |
| RHODE ISLAND CARPENTERS' PENSION PLAN, Defendant | ) | |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Plaintiff Barry Souza moves pursuant to F.R.C.P. 26(c) for a protective order striking a deposition notice served by defendant's counsel on or about January 20, 2006, a copy of which is appended to the accompanying memorandum as Exhibit A.

Mr. Souza certifies that he has in good faith conferred or attempted to confer with defendant in an effort to resolve the dispute without court action. Because the disputed deposition is scheduled for February 9, 2006, Mr. Souza respectfully requests a hearing and **expedited consideration** of this motion.

Brooks R. Magratten, Esq., #3585
Catherine A. Syner, Esq. #6883
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: January 27 , 2006

CERTIFICATE OF SERVICE

TO:

Marc B. Gursky, Esq.
Gursky Law Associates
Scrabbletown Office Park
420 Scrabbletown Road, Ste C
North Kingstown, RI 02851

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Plaintiff's Motion For a Protective Order by mailing first class mail, postage prepaid, on the 27th day of January, 2006.

Melaine Gosetto

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY M. SOUZA, Plaintiff | ) | C.A. No. 05-186/S |
| | ) | |
| v. | ) | |
| | ) | |
| RHODE ISLAND CARPENTERS' PENSION PLAN, Defendant | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR PROTECTIVE ORDER**

Plaintiff Barry Souza moves pursuant to F.R.C.P. 26(c) for a protective order striking a deposition notice served by defendant's counsel, a copy of which is appended as Exhibit A.

**FACTS**

Defendant Rhode Island Carpenter's Pension Plan is, on information and belief, an employee benefit plan (the "Plan"), as that term is defined by ERISA, 29 U.S.C. §§1001 et seq., maintained and administered by the Rhode Island Carpenters Pension Fund (the "Fund"). At all relevant times, plaintiff Barry Souza was a participant in the Plan.

On or about March 9, 2002, Mr. Souza fell from scaffolding and fractured his left ankle. Since the accident, he has suffered from continuing left knee pain. His severe knee pain renders him unable to work as a carpenter and precludes him from engaging in any other gainful employment.

Mr. Souza applied to the Fund for disability pension benefits on September 29, 2004. By letter dated October 27, 2004, the Fund denied his application for disability pension benefits. The Fund stated that it required a determination of total and permanent disability from

Social Security Disability in order to approve a disability pension. It told Mr. Souza that if he could get a medical determination from Social Security Disability that he was disabled, the Fund would approve his disability pension.

By letter dated November 11, 2004 Attorney William J. Gately, Jr., Mr. Souza's attorney at the time, informed the Fund that Mr. Souza could not get a disability determination from Social Security because he did not have "enough credits in the right time period." Attorney Gately requested that the Fund evaluate Mr. Souza's eligibility for disability pension benefits on its own.

By letter dated on November 29, 2004, the Fund told Mr. Souza that on May 21, 2002 the Trustees of the Fund voted to require a determination of total and permanent disability by the Social Security Administration to support total disability under the Plan for retirements after June 1, 2002.

Mr. Souza now brings a claim for disability pension benefits under 29 U.S.C. 1132(a)(1)(b) on the ground that the Plan's decision to deny benefits was incorrect and in violation of the terms of the Plan. Mr. Souza contends that the Fund's requirement that a participant obtain a determination of total and permanent disability could only have been imposed through a formal amendment to the Plan. The only reference to this modification is contained in minutes from a May 21, 2002 meeting of the Fund's Board of Trustees ("Trustees"). These minutes do not constitute a formal plan amendment. Consequently, the only issue before the Court is whether the Plan was properly amended to include this requirement.

**Defendant's Proposed Deposition Is Not Reasonably Calculated To Lead To The Discovery Of Admissible Evidence**

The information sought by defendant --Mr. Souza's deposition testimony-- is

beyond the scope of the administrative record before the Fund when it rendered its decision to deny Mr. Souza disability pension benefits. Under ERISA, when a court undertakes judicial review of a benefit determination, the evidence before the court is generally limited to the administrative record before the plan administrator when it made its decision. Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 519 (1st Cir. 2005). This is because:

> The decision to which judicial review is addressed is the final ERISA administrative decision. It would offend interests in finality and exhaustion of administrative procedures required by ERISA to shift the focus from that decision to a moving target by presenting extra administrative record evidence going to the substance of that decision.

Id.

The focus of judicial review, under any standard of review, is the administrator's decision and must ordinarily be based on the administrative record. Id. Prior to Orndorf, the issue of whether evidence outside of the administrative record was admissible under de novo review was unresolved in the First Circuit. See Liston v. UNUM Corp. Officer Severance Plan, 330 F.3d 19, 24 (1st Cir. 2003). The Liston court held that under an arbitrary and capricious standard of review, the focus of judicial review is ordinarily on the record made before the administrator. Id. Liston failed to address whether the same rule applied under de novo review. Id. Orndorf, however, explicitly extends this rule to cases where the benefit denial is subject to de novo review. Orndorf at 519.

The Orndorf court concluded that there may be circumstances in which it is appropriate for courts to hear new evidence. Id. at 520 ("Where the challenge is not to the merit of the decision to deny benefits, but to the procedure used to reach the decision, outside evidence may be of relevance"). Those circumstances do not exist with respect to the information sought by the Plan. Mr. Souza cannot testify about the procedure the Fund used to reach its decision.

Presumably the Plan seeks information about why Mr. Souza cannot obtain a Social Security disability determination. This information, however, is not part of the claim file. The only evidence the Court may consider in rendering this determination is the evidence before the Fund when it made its decision. As a result, the deposition of Mr. Souza is not reasonably calculated to lead to the discovery of admissible evidence in this case.

For the foregoing reasons, defendant's deposition notice should be stricken.

Brooks R. Magratten, Esq., #3585
Catherine A. Syner, Esq. #6883
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: January 27 , 2006

**CERTIFICATE OF SERVICE**

TO:

Marc B. Gursky, Esq.
Gursky Law Associates
Scrabbletown Office Park
420 Scrabbletown Road, Ste C
North Kingstown, RI 02851

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Memorandum In Support of Plaintiff's Motion For Protective Order by mailing first class mail, postage prepaid, on the 27 day of January, 2006.