**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| BARRY M. SOUZA, *Plaintiff*, | : | |
| v. | : | C.A. No. 05-186S |
| RHODE ISLAND CARPENTERS PENSION PLAN, *Defendant*. | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Defendant Rhode Island Carpenters' Pension Plan hereby objects to Plaintiff's Motion for Protective Order for the reasons stated in its accompanying Memorandum of Law.

Rhode Island Carpenters
Pension Fund
By their attorneys,

Elizabeth Wiens, Esq.
Marc B. Gursky, Esq.
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax (401)294-4702

CERTIFICATION

I hereby certify that a true copy of the within document was sent by regular mail, postage prepaid, to Catherine A. Syner, VETTER & WHITE, 20 Washington Place, Providence, RI 02903 on this 10th day of February, 2006.

E. Wiens

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| BARRY M. SOUZA, *Plaintiff,* | : | |
| v. | : | C.A. No. 05-186S |
| RHODE ISLAND CARPENTERS PENSION PLAN, *Defendant.* | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Defendant Rhode Island Carpenters' Pension Plan hereby objects to Plaintiff's Motion for Protective Order on the ground that Defendant has failed to make a showing of "good cause." Moreover, Defendant could be severely prejudiced if it is denied the opportunity to take Plaintiff's deposition. Defendant requests an award of attorneys' fees pursuant to Fed. R. Civ. P. 26(c) and 37(a)(4).

**Facts**

Plaintiff was, at all relevant times, a participant in the Rhode Island Carpenter's Pension Plan ("Plan"). The Plan is administered and maintained by the Rhode Island Carpenters Pension Fund. ("Fund" or "Plaintiff"). In or about September, 2004, Plaintiff applied for disability pension benefits. In October, 2004, the Fund denied his application because it requires a determination of disability by the Social Security Administration ("SSA"). The Fund gave Plaintiff the opportunity to resubmit his application along with the required SSA determination. Plaintiff did not resubmit his application, informing the Fund through his attorney, William Gately, Jr., that he could not get a determination from the SSA because he did not have "enough credits in the right time period."

Plaintiff filed this action on May 2, 2005 alleging that Defendant's decision to deny pension fund benefits to Plaintiff was incorrect and in violation of the terms of the Carpenters' Pension Plan. Specifically, Plaintiff alleges that the Fund's decision to require a determination by the SSA is wrong. Additionally, Plaintiff alleges that he meets the Plan's definition of totally and permanently disabled and should therefore be granted a disability pension. Finally, Plaintiff alleges that the Plan Administrator did not respond to his alleged request for Plan documents within the time required un 29 U.S.C. § 1132(c)(B).

## Argument

Plaintiff has failed to proffer a legitimate reason why this Court should grant its protective order. On the other hand, Defendant requires the deposition Plaintiff and will be prejudiced if Plaintiff's protective order is granted.

### I. PLAINTIFF HAS NOT SHOWN GOOD CAUSE FOR A PROTECTIVE ORDER

The Federal Court Rules of Civil Procedure 26(c) puts the burden on the party seeking the protective order to show good cause why the order is needed. Rule 26(c) provides,

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense (1) that the disclosure or discovery not be had.

The movant must show not only that the information is entitled to protection, but also that good cause exists for the entry of the order. To demonstrate good cause, the party

seeking the order must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89 (1991). Moreover, because the good cause requirement is strictly construed, the movant must make a particularized factual showing that it would suffer a specific, serious injury if disclosure occurs. See Anderson v. Cryovac, Inc., 805 F.2d 1, 7-8 (1st Cir. 1986); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035, at 264-65 (1970); see also General Dynamics Corp. v. Selb Manufacturing Co., 481 F.2d 1204, 1212 (8th Cir. 1973) (burden on movant to make specific demonstration of necessity for protective order), cert. denied, 414 U.S. 1162 (1974); Koster v. Chase Manhattan Bank, 93 F.R.D. 471, 479-80 (S.D.N.Y. 1982) ("the court must find that definite criteria have been satisfied before issuing a protective order"); Cooper Hospital/University Med. Ctr. v Sullivan (1998, DC NJ) 183 FRD 135 (Good cause is shown when it is specifically established that disclosure will cause clearly defined and serious injury; broad allegations of harm, unsubstantiated by specific examples, will not suffice.

Plaintiff has not alleged annoyance, embarrassment, oppression, undue burden or expense or any other particularized injury that would occur if he is required to give testimony at a deposition. Nor has Plaintiff alleged that any part of his deposition testimony would be confidential. See Four Star Capital Corp. v Nynex Corp., 183 FRD 91 (S.D.N.Y 1997) (to secure protective order, party resisting disclosure must demonstrate that information sought is confidential, and that good cause exists for issuance of order). Accordingly, his request for a protective order must be denied.

## II. DEFENDANT WILL BE PREJUDICED IF PLAINTIFF'S PROTECTIVE ORDER IS GRANTED

Defendant will be prejudiced if it is denied the opportunity to depose the individual who is suing the Fund. Not only is Plaintiff's deposition testimony relevant to this case, it is also necessary to the defense of this case. Plaintiff mistakenly states that "the only issue before the Court is whether the Plan was properly amended to include [the SSA determination] requirement." See Plaintiff's Memorandum in Support of Motion for Protective Order ("Plaintiff's Memo") p. 2. There are numerous other issues before the Court. The Complaint and Defendant's Affirmative Defenses raise the following issues

1. Whether the Trustee's requirement of a SSA determination must be adopted via a formal amendment to the Plan.[1]

2. Whether the requirement is an arbitrary and capricious one.[2]

3. Whether Plaintiff ever received notice of the requirement.[3]

4. Whether Plaintiff was harmed by a lack of notice.[4] In other words, if Plaintiff knew of the requirement, could he have done something to qualify for social security?

5. Whether Plaintiff is totally and permanently disabled.[5]

6. Whether Plaintiff has exhausted administrative remedies under the Plan.[6]

7. Whether and when Plaintiff submitted a request for documents to the Fund.[7]

---

[1] See Complaint ¶ 15, "[T]he Administrator claims to have amended the Plan…" and ¶ 21, "The decision to deny pension benefits to plaintiff was incorrect and in violation of the terms of the Plan."
[2] See fn 1, supra. See also Defendant's Affirmative Defense ¶ 4.
[3] See ¶ 12, "Plaintiff was never notified previously of the change to the Plan" and ¶ 16, "Plaintiff never received notice of the amendment."
[4] See ¶22, "Pursuant to 29 U.S.C. 1132(a)(1)(b), plaintiff is entitled the total amount of disability pension benefits due to him."
[5] See ¶ 7, Plaintiff was injured and is unable to work and ¶ 20,"As a result of the injury to his left knee, plaintiff is unable to work as a carpenter or engage in other gainful employment. Because he is totally and permanently disabled as that term is defined by the current SPD, he is entitled to disability benefits under the Plan."
[6] See ¶ 18, "Plaintiff has exhausted administrative remedies under the Plan." See also Defendant's Affirmative Defense ¶ 4.

8. Whether and when the Plan Administrator responded to any request.[8]

9. Whether Plaintiff committed fraud by not reporting his income to the SSA. If Defendant was not eligible was a SSA determination because of the aforementioned fraud, he may estoppped from requesting a pension. At the very least, Plaintiff's fraud may support Defendant's claim that its decision to deny benefits was not arbitrary and capricious.[9]

Plaintiff cites Orndorf in support of his assertion that the only relevant evidence in this case is Plaintiff's claim file. Accordingly, any additional evidence Defendant may obtain as a result of Plaintiff's deposition is irrelevant. However, "[w]hether evidence is admissible turns on the nature of the challenge to the decision." Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 519 (1st Cir. 2005). If Plaintiff was merely challenging whether the evidence he presented to the Fund warranted denial of his claim, his deposition may indeed be irrelevant. However, as indicated above, there are a myriad of other issues involved here.[10] Without a doubt, Plaintiff's deposition is calculated to lead to the discovery of admissible evidence regarding these issues.

Finally, it should be emphasized that a ruling authorizing Plaintiff's deposition does not itself determine admissibility or use at trial. The issue here is not whether Plaintiff's testimony is admissible; it is whether his testimony may *lead* to the discovery of admissible evidence. If, at the time of trial, this Court holds that any part of Plaintiff's deposition testimony is irrelevant to the case, neither party would have been harmed by

---

[7] See ¶ 24, "On February 9, 2005, plaintiff submitted a written request for copies of Plan documents from the Plan Administrator under 29 U.S.C. § 1024( b)(4)."

[8] See ¶ 25, "The Administrator did not respond to this request within thirty days as required under 29 U.S.C. § 1132(c)(B)."

[9] See Affirmative Defense ¶ 1 and ¶ 3.

[10] Indeed, because Plaintiff presented absolutely no evidence of disability to the Fund, in order to obtain an award of disability pension, as requested in the Complaint, he would have to introduce evidence of his disability that was not previously presented to the Fund.

the taking of Plaintiff's deposition. However, if Defendant is prohibited from taking Plaintiff's deposition, and that deposition would have revealed information that is admissible at trial, Defendant will clearly have been harmed by the issuance of a protective order in this case.

**Conclusion**

For all of the foregoing reasons, Defendant requests that this Court deny Plaintiff's Motion for Protective Order and issue an order compelling Plaintiff's attendance at his deposition.

Rhode Island Carpenters
Pension Fund
By ~~their~~ attorneys,

Elizabeth Wiens, Esq.
Marc B. Gursky, Esq.
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax (401)294-4702

CERTIFICATION

I hereby certify that a true copy of the within document was sent by regular mail, postage prepaid, to Catherine A. Syner, VETTER & WHITE, 20 Washington Place, Providence, RI 02903 on this 10th day of February, 2006.