UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY M. SOUZA | : | |
| | : | |
| v. | : | C.A. No. 05-186S |
| | : | |
| RHODE ISLAND CARPENTERS' PENSION PLAN | : | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Barry Souza's Motion for Protective Order (Document No. 19) under Fed. R. Civ. P. 26(c) as to his deposition which was recently noticed by Defendant. This Motion has been referred to me for determination. 28 U.S.C. 636(b)(1)(A); L.R. Cv 72(a). A hearing was held on February 15, 2006. For the reasons set forth below, Plaintiff's Motion is DENIED.

**Discussion**

A party moving for a protective order under Fed. R. Civ. P. 26(c) must set forth "particular" facts to establish "good cause" for the order. Anderson v. Cryovac, Inc., 805 F.2d 1, 7-8 (1st Cir. 1986). "Prohibiting the taking of depositions is an extraordinary measure" requiring the moving party to meet a "heavy burden" of showing justifying circumstances. Prozina Shipping Co., Ltd. v. Thirty-Four Autos., 179 F.R.D. 41, 48 (D. Mass. 1998). Such requests are "rarely granted." Bucher v. Richardson Hosp. Auth., 160 F.R.D. 88, 92 (N.D. Tex. 1994); see also Jennings v. Family Mgmt., 201 F.R.D. 272, 275 (D.D.C. 2001).

In this case, Plaintiff has simply not established good cause for this Court to take the extraordinary step of precluding Defendant from taking his deposition. While Plaintiff argued at the

hearing that the only issue before the Court is whether the Plan was properly amended, the Complaint is not nearly that narrow. Plaintiff's Complaint alleges that he is totally disabled (paragraph 7) and that he meets the definition of total disability under the terms of the Plan (paragraph 20). In his prayer for relief, Plaintiff asks the Court to grant him judgment against the Plan "awarding him disability pension benefits under the Plan." The Complaint does more than ask the Court to declare that the Plan was not properly amended or to compel the Plan to consider Plaintiff's disability pension benefit claim on the merits. The Complaint alleges total disability and asks this Court to award disability pension benefits. Given these allegations, the deposition of Plaintiff regarding his claimed disability status would certainly be discoverable under the broad relevance standard of Fed. R. Civ. P. 26(b)(1).[1]

The Complaint also alleges that Plaintiff was never notified of any change to the Plan (paragraph 12) and never received notice of any Plan amendment (paragraph 16). Defendant has denied both of these allegations and has also denied Plaintiff's allegation (paragraph 18) that he has exhausted his administrative remedies. Again, Defendant is entitled to examine Plaintiff under Fed. R. Civ. P. 30 regarding these allegations. Defendant also indicated that it intends to question Plaintiff regarding the circumstances which have made Plaintiff ineligible for Social Security disability benefits (paragraph 10) and argued that such circumstances may be relevant to its

[1]Plaintiff's reliance on Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510 (1st Cir. 2005), is misplaced. That case involved a challenge to long-term disability benefit denial after a full administrative medical review. The issue before the court was the admissibility of evidence outside of the administrative record, and, in particular, the relevance of post-denial medical evidence not considered by the final decision maker. In this case, it does not appear from the Complaint that Plaintiff's claim for disability pension benefits was ever subject to medical review as he was denied for failing to meet a threshold eligibility requirement. Thus, there is no administrative record on file with the Court as is typical in most cases involving challenges to benefit determinations under ERISA.

affirmative defense that "the Trustees' interpretation [of the Plan] was not arbitrary and capricious." See Affirmative Defense No. 3. In response, Plaintiff argued without citing any legal authority that the defense of unclean hands was not available under ERISA and also emphatically denied any fraud or other improper action taken by Plaintiff regarding his obligations under the Social Security Act. This Court's brief research after the hearing uncovered one case in which the defense of unclean hands was applied in an ERISA case. See Ellenburg v. Brockway, Inc., 763 F.2d 1091, 1097 (9th Cir. 1985) (unclean hands defense applied against a plaintiff in an ERISA litigation where the plaintiff misrepresented his birth date for purposes of obtaining early retirement benefits). At this stage of litigation, this Court cannot say with any certainty that the defense of unclean hands may not be applicable in this case. In any event, given Plaintiff's emphatic denial of any improper behavior, he should have no problem responding to questions regarding the circumstances of his ineligibility for Social Security disability benefits.

Having commenced this litigation, Plaintiff has necessarily opened himself up to discovery including Defendant's right to take his deposition. The only concrete harm to Plaintiff offered by his counsel at the hearing was the time and expense of defending Plaintiff's deposition. The expense of defending a single deposition of a party (conducted locally) is an ordinary expense of litigation and, as such, cannot constitute good cause in and of itself for a protective order. Further, Plaintiff's counsel concluded her argument by contending that the denial of Plaintiff's Motion for Protective Order may ultimately result in Plaintiff seeking to depose a number of Plan Trustees. This suggestion hardly seems consistent with her earlier argument that defending Plaintiff's deposition was cost prohibitive.

## Conclusion

For the reasons discussed above, Plaintiff's Motion for Protective Order (Document No. 19) is DENIED.

LINCOLN D. ALMOND
United States Magistrate Judge
February 16, 2006