**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| BARRY M. SOUZA, *Plaintiff*, | : | |
| v. | : | C.A. No. 05-186S |
| RHODE ISLAND CARPENTERS PENSION PLAN, *Defendant*. | : | |

**DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES**

Defendant hereby responds to Plaintiff's Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure as follows:

**INTERROGATORY NO. 1**

Please identify by name, employer, position of employment, business address and telephone number, all persons who have participated in responding to these interrogatories and accompanying request for production.

**ANSWER NO. 1**

David Palmisciano, trustee for Rhode Island Carpenters' Pension Fund, 14 Jefferson Park Road, Warwick, RI 02888. Tel: 401-467-6813.

Donald Lavin, Co-Administrator for Rhode Island Carpenters' Pension Fund, Administrative Services, Inc., 200 Midway Road, Suite 169, Cranston, RI02920. Tel: 942-8690.

Betty Pacheo, Fund Employee, 14 Jefferson Park Road, Warwick, RI 02888. Tel: 401-467-6813.

Elizabeth Wiens, Esq., attorney for Rhode Island Carpenters' Pension Fund, 420 Scrabbletown Rd., Ste. C., North Kingstown, RI 02852. Tel: 401-294-4700.

**INTERROGATORY NO. 2**

State whether the Plan was amended at any time during the period of January 1, 1999 to present and for each amendment identify:

a) the date(s) of the amendment(s);

b) the process by which the Plan was amended;

c) the substance of the amendment(s);

d) whether the amendment was incorporated into any Summary Plan Description;

e) all persons having knowledge of the facts stated in response to this interrogatory; and

f) all documents relating or pertaining to the facts stated in response to this interrogatory.

**ANSWER NO. 2**

Objection. This request is overly broad, unduly burdensome and not likely to lead to the discovery of relevant information. Without waiving said objection, Defendant amended the Plan but the amendment(s) did not relate to Defendant's claim.

**INTERROGATORY NO. 3**

State whether the Plan participants were notified about amendments to the Plan during the period of January 1, 1999 to present and for each identify:

a) how notice was given;

b) the date of notice;

c) the substance of the notice;

d) all persons having knowledge of the facts stated in response to this interrogatory;

e) all documents relating or pertaining to the facts stated in response to this interrogatory;

**ANSWER NO. 3**

Objection. This request is overly broad, unduly burdensome and not likely to lead to the discovery of relevant information. Without waiving said objection, see Answer to Interrogatory No. 2.

**INTERROGATORY NO. 4**

State all facts upon which you rely in alleging in Affirmative Defense 3 that the "terms of the Trust allow Trustees complete discretion to interpret the Plan of Benefits, and the Trustees interpretation was not arbitrary and capricious," and identify:

a) all persons having knowledge of the facts stated in response to this interrogatory;

b) all documents relating or pertaining to the facts stated in response to this interrogatory.

**ANSWER NO. 4**

The Trust Agreement provides, in Article IV section 4.2, "The Trustees shall have full authority to determine the requirements with which an individual must comply in order to be eligible for benefits and determine all of the terms and conditions of eligibility of Eligible Persons for the purpose of this Trust." The Plan Administrators and the Trustees have knowledge of the facts stated in this response.

**INTERROGATORY NO. 5**

State all facts upon which you rely in alleging in Affirmative Defense 4 that Plaintiff has failed to exhaust Plan remedies and identify:

a) all persons having knowledge of the facts stated in response to this interrogatory;

b) all documents relating or pertaining to the facts stated in response to this interrogatory.

**ANSWER NO. 5**

Plaintiff has failed to appeal the Plan's denial of benefits in accordance with Section 5.14 of the Trust Agreement.

**INTERROGATORY NO. 6**

Please provide the following for each oral communication between you and Barry Souza from January 1, 1999 to the present:

a) the names and addresses of each participant in each such conversation, along with the names and addresses of nonparticipating witnesses;

b) the date of each such conversation, or if unavailable, the approximate date of each such conversation;

c) the location of each of the parties to such conversation, and whether conducted in-person or telephonically or otherwise;

d) the specific statements made by each of the parties, including the substance of each such conversation whether the specific statements made are unavailable.

**ANSWER NO. 6**

Objection. This request is overly broad, unduly burdensome and not likely to lead to the discovery of relevant information. Without waiving said objection,

a) Betty Pacheo, employee of the Fund, 14 Jefferson Park Road, Warwick, RI 02888; Souza's attorney, William Gately, Jr., was also present.

b) September 2, 2004;

c) The Fund Office, 14 Jefferson Park Road, Warwick, RI 02888;

d) Ms. Pacheo does not recall all of the statements made by the parties but she does recall that Souza's attorney came into the Fund office with a copy of the1994 Summary Plan Description ("SPD") and stated that the SPD did not provide that a determination of total and permanent disability was required by the Social Security Administration in order to obtain a total and permanent disability pension. Ms. Pacheo told him that the Plan Documents requires a determination of total and permanent disability by the Social Security Administration.

Defendant,
Rhode Island Carpenters
Pension Fund,

By: David Palmisciano

Subscribed and sworn before me this 31st day of January, 2006

Kathleen Sullivan
Notary Public
My commission expires: 4/25/09

As to Objections,
Rhode Island Carpenters
Pension Fund,
By its attorneys,

E. Wiens

Marc Gursky #2818
Elizabeth Wiens, Esq. (#6827)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax (401)294-4702

## CERTIFICATION

I hereby certify that a true copy of the within document was hand-delivered to Catherine A. Syner, VETTER & WHITE, 20 Washington Place, Providence, RI 02903 on this 1st day of ~~January~~ February, 2006.