UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY M. SOUZA,<br>Plaintiff<br><br>v.<br><br>RHODE ISLAND CARPENTERS' PENSION PLAN,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-186/S |

**RULE 12.1 STATEMENT OF UNDISPUTED FACTS**

Pursuant to Local Rule 12.1, plaintiff Barry Souza submits the following Statement of Undisputed Facts:

1. Barry Souza is a member of the United Brotherhood of Carpenters and Joiners of America, Local 94 ("Carpenters Union"). As a member of the Carpenters Union, he is eligible to participate in the Rhode Island Carpenters Pension Plan (the "Plan") sponsored and administered by the Rhode Island Carpenters' Pension Fund (the "Fund"). Affidavit of Barry Souza, ¶ 2.

2. The Plan is an employee benefit plan as that term is defined by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1001 et seq.

3. At all relevant times Mr. Souza was a participant in the Plan. Souza Aff., ¶ 2.

4. Under the Plan, a participant is "entitled to retire on a disability pension if he becomes 'Totally and Permanently Disabled' before age 62, has at least ten years of Credited Service, of which one (1) year shall be Credited Future Service . . ." Id. at ¶ 3.

5. The Plan defines "Total Disability" as a "physical or mental condition . . . resulting in the Employee being unable to engage in any regular employment in the Carpenter and Joiner trade or in any other regular employment . . ." The Plan further defines "Total and Permanent Disability" as "'Total Disability' which is presumably permanent. The Trustees shall accept as prima facie proof of total and permanent disability a determination by the Social Security Administration that the Employee is entitled to a Social Security Disability benefit . . ." Id. at ¶ 4.

6. The Summary Plan Description ("SPD") that the Fund provided to Mr. Souza states: "The Trustees will accept a determination by the Social Security Administration that you are eligible for Social Security disability benefits as proof of total and permanent disability." Id. at ¶ 5.

7. The Plan provides a two step procedure for reviewing disability pension benefit claims. If a participant's claim is wholly or partially denied, he has 60 days to request a review of that claim. The decision on review will be made within 90 days after the claim is received by the Trustees. If the decision is not made within 90 days, the claim is considered denied on review. Id. at ¶ 6.

8. According to Section 10.1 of the Plan, any amendment must be made pursuant to "a resolution duly adopted by the Trustees." Id. at ¶ 7.

9. Past amendments to the Plan are formalized in writing and signed by all of the Union and Contractor Trustees. Id. at ¶ 8. They state that the Plan is being amended. They refer to the section of the Plan being amended and contain the text of the amended section. Id.

10. On or about March 9, 2002, Mr. Souza fell from scaffolding and fractured his left ankle. Since the accident, he has suffered from continuing left knee pain. Id. at ¶ 9.

11. In or about October, 2004, Mr. Souza applied for disability pension benefits under the Plan. Id. at ¶ 10.

12. By letter dated October 27, 2004, the Fund's Board of Trustees ("Trustees") denied Mr. Souza's application for disability pension benefits because the Trustees required "a determination of total and permanent disability from Social Security Disability." The letter stated that: "If Social Security Disability will give a medical determination that you are disabled, the Board may approve a Disability pension at that time." Id. at ¶ 11.

13. Mr. Souza, through counsel, told the Fund in a November 11, 2004 letter that he did not have "sufficient quarters to qualify for Social Security disability benefits." Id. at ¶ 12. He attached a copy of his Social Security Statement indicating that he did not have "enough credits in the right time period." Id. He requested that the Fund evaluate his eligibility for disability pension benefits on its own. Id.

14. The Fund in a November 29, 2004 letter responded that "at a Board Meeting on May 21, 2002, the Trustees of the Rhode Island Carpenters Pension Fund voted to require a determination of total and permanent disability by the Social Security Administration to support total disability under the Pension Fund for retirements after June 1, 2002." Id. at ¶ 13.

15. No such requirement appears in the Plan or Summary Plan Description provided to Mr. Souza. Id. at ¶ 14.

16. Minutes from a May 21, 2002 meeting of the Trustees contain the only reference to this requirement. The minutes note that "motion was made and seconded to require a determination of total and permanent disability by the Social Security Administration to support total disability under the Pension Fund for retirements after June 1, 2002." Id. at ¶ 15.

17. On May 2, 2005, Mr. Souza filed a claim for disability pension benefits under 29 U.S.C. § 1132(a)(1)(B).

Catherine A. Shaghalian

Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq. #6883
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: April 5 , 2006

## CERTIFICATE OF SERVICE

TO:

Marc B. Gursky, Esq.
Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road – Suite C
North Kingstown, RI 02852

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Rule 12.1 Statement of Undisputed Facts by mailing first class mail, postage prepaid, on the 6th day of April, 2006.

Melaine Gosetti