UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY M. SOUZA, Plaintiff | ) | C.A. No. 05-186/S |
| v. | ) | |
| RHODE ISLAND CARPENTERS' PENSION PLAN, Defendant | ) | |

## AFFIDAVIT OF BARRY SOUZA

COMMONWEALTH OF MASSACHUSETTS )
) ss:
COUNTY OF BRISTOL )

I, Barry Souza, being duly sworn state:

1. I have direct personal knowledge of the facts set forth in this affidavit.

2. I am a member of the United Brotherhood of Carpenters and Joiners of America, Local 94 ("Carpenters Union"). As a member of the Carpenters Union, I am eligible to participate in the Rhode Island Carpenters Pension Plan (the "Plan") sponsored and administered by the Rhode Island Carpenters' Pension Fund (the "Fund"). At all relevant times I have been a participant in the Plan. True and accurate copies of the Plan documents are attached as Exhibit A.

3. Under the Plan, a participant is "entitled to retire on a disability pension if he becomes 'Totally and Permanently Disabled' before age 62, has at least ten years of Credited Service, of which one (1) year shall be Credited Future Service . . ." Exhibit A, p. 30.

4. The Plan defines "Total Disability" as a "physical or mental condition . . . resulting in the Employee being unable to engage in any regular employment in the Carpenter and Joiner trade or in any other regular employment . . ." Id. at p. 1. The Plan further defines "Total and Permanent Disability" as "'Total Disability' which is presumably permanent. The Trustees shall accept as prima facie proof of total and permanent disability a determination by the Social Security Administration that the Employee is entitled to a Social Security Disability benefit . . ." Id. at p. 2.

5. A 1994 Summary Plan Description ("SPD") that the Fund provided to me states: "The Trustees will accept a determination by the Social Security Administration that you are eligible for Social Security disability benefits as proof of total and permanent disability." A true and accurate copy of the SPD is attached as Exhibit B.

6. The Plan provides a two step procedure for reviewing disability pension benefit claims. If a participant's claim is wholly or partially denied, he has 60 days to request a review of that claim. The decision on review will be made within 90 days after the claim is received by the Trustees. If a decision is not made within 90 days, the claim is considered denied on review. Exhibit A, p. 66.

7. According to Section 10.1 of the Plan, Plan amendments must be made pursuant to "a resolution duly adopted by the Trustees." Id. at p. 62.

8. Past amendments to the Plan, which the Fund provided to me, are formalized in writing and signed by all of the Union and Contractor Trustees. They state that the Plan is being amended. They refer to the section of the Plan being amended and

contain the text of the amended section. Exhibit A, First and Third Amendments to Rhode Island Carpenters Pension Plan.

9. On or about March 9, 2002, I fell from scaffolding and fractured my left ankle. Since the accident, I have suffered from continuing left knee pain.

10. In or about October, 2004 I applied for disability pension benefits under the Plan. A true and accurate copy of my claim file is attached as Exhibit C.

11. By letter dated October 27, 2004, the Fund's Board of Trustees ("Trustees") denied my application for disability pension benefits because the Trustees required "a determination of total and permanent disability from Social Security Disability." Exhibit C, p. 8. The letter stated that: "If Social Security Disability will give a medical determination that you are disabled, the Board may approve a Disability pension at that time." Id.

12. I told the Fund through counsel in a November 11, 2004 letter that I did not have sufficient quarters to qualify for Social Security disability benefits. Id. at p. 3. I attached a copy of my Social Security Statement indicating that I did not have "enough credits in the right time period." Id. at pp. 3-7. I requested that the Fund "evaluate my eligibility for disability pension benefits on its own." Id. at p. 3.

13. The Fund in a November 29, 2004 letter responded that "at a Board Meeting on May 21, 2002, the Trustees of the Rhode Island Carpenters Pension Fund voted to require a determination of total and permanent disability by the Social Security Administration to support total disability under the Pension Fund for retirements after June 1, 2002." Id.

14. No such requirement appears in copies of the Plan or SPD provided to me.

15. Minutes from a May 21, 2002 meeting of the Trustees contain the only reference to this requirement that I have seen. The minutes note that "motion was made and seconded to require a determination of total and permanent disability by the Social Security Administration to support total disability under the Pension Fund for retirements after June 1, 2002." A true and accurate copy of the May 21, 2002 minutes is attached as Exhibit D.

Barry Souza

Barry Souza

Subscribed and sworn to before me on this 24th day of March, 2006.

Dina Talicos

NOTARY PUBLIC

My commission Expires: April 18th, 2008