UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY M. SOUZA, Plaintiff | ) | C.A. No. 05-186/S |
| v. | ) | |
| RHODE ISLAND CARPENTERS' PENSION PLAN, Defendant | ) | |

**PLAINTIFF'S MOTION TO STRIKE CERTAIN**
**EXHIBITS AND REFERENCES THERETO**

Plaintiff moves for an order striking the following exhibits appended to defendant's objection to plaintiff's motion for summary judgment: (i) Exhibit 1; (ii) Exhibit 2; (iii) paragraphs 4 and 5 of Exhibit 3; and (iv) paragraphs 4 and 5 and Exhibit 1 of Exhibit 4. Plaintiff also requests that the Court strike all references to Exhibits 1 and 2 and the cited portions of Exhibits 3 and 4 in defendant's objection.

Plaintiff files herewith a supporting memorandum of law.

Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: June 1, 2006

CERTIFICATE OF SERVICE

To:

Marc B. Gursky, Esq.
Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road – Suite C
North Kingstown, RI 02852

I hereby certify that I served on the above-named counsel of record a copy of the within motion by mailing first class mail, postage prepaid, on the 1st day of June, 2006.

Lisa A. Laruree

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY M. SOUZA, Plaintiff | ) | |
| v. | ) | C.A. No. 05-186/S |
| RHODE ISLAND CARPENTERS' PENSION PLAN, Defendant | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO STRIKE CERTAIN EXHIBITS AND REFERENCES THERETO**

Plaintiff moves for an order striking the following exhibits appended to defendant's objection to plaintiff's motion for summary judgment: (i) Exhibit 1; (ii) Exhibit 2; (iii) paragraphs 4 and 5 of Exhibit 3; and (iv) paragraphs 4 and 5 and Exhibit 1 of Exhibit 4. Plaintiff also requests that the Court strike all references to Exhibits 1 and 2 and the cited portions of Exhibits 3 and 4 in defendant's objection.

The parties agree that this case is governed by the Employee Retirement Income Security Act, 29 U.S.C. §§1001 et seq. The nature of a court's role in judicially reviewing an out-of-court claims decision under ERISA – as opposed to the role of a court in other civil actions generally – is distinctive:

> A civil action for judicial review of an out-of-court decision is fundamentally different from a paradigm civil action asserting tort, contract, or property claims, or even alleged rights to equitable or declaratory relief. In cases of judicial review, ordinarily no right to jury trial is involved, and no need or authority exists to make factual findings of the kind regularly made by a jury, or by the trial judge in a nonjury trial.

Recupero v. New England Tel. and Tel. Co., 118 F.3d 820, 829 (1st Cir.1997).

When a court undertakes judicial review of a benefit determination, the evidence before the court is generally limited to the administrative record before the plan administrator when it made its decision. Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 519 (1st Cir. 2005). This is because:

> The decision to which judicial review is addressed is the final ERISA administrative decision. It would offend interests in finality and exhaustion of administrative procedures required by ERISA to shift the focus from that decision to a moving target by presenting extra administrative record evidence going to the substance of that decision.

Id. The focus of judicial review, under any standard of review, is the administrator's decision and must ordinarily be based on the administrative record. Id. See also Liston v. UNUM Corp. Officer Severance Plan, 330 F.3d 19, 24 (1st Cir. 2003).

The following evidence offered and relied on by defendant in its objection was not before the plan administrator, the Rhode Island Carpenters' Pension Fund (the "Fund"), when it conducted its administrative review of Mr. Souza's claim:

- Employee QuickReport and Employer's Remittance reports for J.G. Edwards Construction (Exhibit 1);
- Deposition testimony of Barry Souza (Exhibit 2);
- Attestations by Betty Pacheco about Annuity Fund records (Exhibit 3, paragraphs 4 and 5);
- Attestations by Donald Lavin that the vast majority of participants applying for disability pensions are eligible for a social security determination and that plaintiff may still be able to obtain a finding of disability from social security (Exhibit 4, paragraphs 4 and 5);
- Exhibit 1 to the affidavit of Donald Lavin (Exhibit 4).

Because this evidence is not contained in the administrative record, it should not be considered.

Moreover, no circumstances exist to support an exception to this rule. The Orndorf court concluded that where the challenge is not to the merit of the decision to deny

benefits, but to the procedure used to reach the decision, outside evidence may be of relevance. Id. at 520. The evidence offered by defendant is not relevant to the issue of what procedure the Fund used to reach its decision. In fact, defendant has not even alleged that any circumstances exist which might justify consideration of this evidence.

For these reasons, plaintiff requests that the Court enter an order striking Exhibit 1, Exhibit 2, and the cited portions of Exhibits 3 and 4 as well as all references thereto in defendant's objection to plaintiff's motion for summary judgment.

Catherine A. Shaghalian

Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: June 1, 2006

CERTIFICATE OF SERVICE

To:

Marc B. Gursky, Esq.
Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road – Suite C
North Kingstown, RI 02852

I hereby certify that I served on the above-named counsel of record a copy of the within memorandum by mailing first class mail, postage prepaid, on the 1st day of June, 2006.

Lisa A. Lariviere