UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY M. SOUZA, Plaintiff | ) | |
| v. | ) | C.A. No. 05-186/S |
| RHODE ISLAND CARPENTERS' PENSION PLAN, Defendant | ) | |

## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Barry Souza hereby responds to defendant Rhode Island Carpenters' Pension Plan's objection to his motion for summary judgment:

### I. Mr. Souza Has Standing To Assert His Claim

Under ERISA a participant or beneficiary has standing to sue to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. 29 U.S.C. §1132(a)(1)(b). The Rhode Island Carpenters' Pension Plan (the "Plan") admitted in its answer that "Plaintiff was a participant in the Plan." Answer, ¶5. Because there is no genuine dispute as to whether Mr. Souza was a participant, Mr. Souza has standing to assert his disability pension benefit claim as a matter of law.

### II. Defendant Relies Extensively on Evidence That Was Not Before the Fund When It Denied Mr. Souza's Claim for Benefits

Defendant cites to or offers the following evidence that was not before the Fund when it conducted its administrative review of Mr. Souza's claim:

- Deposition testimony of Barry Souza;
- Employee QuickReport and Employer's Remittance reports for J.G. Edwards Construction;

- Attestations by Betty Pacheco about Annuity Fund records;
- Exhibit 1 to the affidavit of Donald Lavin;
- Attestations by Donald Lavin that the vast majority of participants applying for disability pensions are eligible for a social security determination and that plaintiff may still be able to obtain a finding of disability from social security.

This evidence is not contained in the claim file produced by the Fund. See Exhibit C to the Affidavit of Barry Souza. It should not be considered by the Court in ruling on this motion for summary judgment.

A civil action for judicial review of an out-of-court decision in an ERISA case is fundamentally different from a civil action asserting tort, contract, or property claims. Recupero v. New England Tel. and Tel. Co., 118 F.3d 820, 829 (1st Cir.1997). The district court sits more as an appellate tribunal than as a trial court. "It does not take evidence, but rather evaluates the reasonableness of an administrative determination *in light of the record compiled before the plan beneficiary*." Leahy v. Raytheon Co., 315 F.3d 11, 18 (1st Cir. 2002) [emphasis added]. For this reason, when a court undertakes judicial review of a benefit determination under ERISA, the evidence before the court is limited to the administrative record before the plan administrator when it made its decision. Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 519 (1st Cir. 2005). The documents attached as Exhibit C to Mr. Souza's affidavit and the plan documents make up the administrative record. The focus of judicial review, under any standard of review, is the Fund's decision and must be based on the administrative record. Id. Considering the additional evidence offered by defendant would offend interests in finality and exhaustion of administrative procedures required by ERISA, particularly when the Plan has not even alleged circumstances that might make consideration of such evidence appropriate. See Orndorf at 520.

## III. Defendant Cannot Rely on Post Hac Justifications for Denying Mr. Souza's Claim

It is a fundamental principle of ERISA and Department of Labor regulations that a plan administrator may not rely on reasons for denying a claim that it did not rely on during the administrative review process. Both the statute and regulations require that the plan administrator provide a claimant with the *specific* reasons for its denial of a claim. ERISA provides:

> In accordance with regulations of the Secretary, every employee benefit plan shall --
>
> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C.A. §1133. Moreover, Department of Labor regulations require that notice of a disability benefit denial set forth in a manner calculated to be understood by the claimant:

> (i) The specific reason or reasons for the adverse determination;
>
> (ii) Reference to the specific plan provisions on which the determination is based;
>
> (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
>
> (iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review . . .

29 C.F.R. §2560.503-1(g). These regulations further the overall purpose of the administrative review process "to minimize the number of frivolous lawsuits; promote consistent treatment of claims; provide a nonadversarial dispute resolution process; and decrease the cost and time of claims settlement." Glista v. Unum Life Ins. Co. of America, 378 F.3d 113, 129 (1st Cir. 2004) [internal citations omitted]. Those goals are undermined "where plan administrators have available sufficient information to assert a basis for denial of benefits, but choose to hold that basis in reserve rather than communicate it to the beneficiary." Id. Such conduct prevents ERISA plan administrators and beneficiaries from having "a full and meaningful dialogue regarding the denial of benefits." Id.

In its objection, defendant asserts multiple reasons for its denial of Mr. Souza's claim for disability pension benefits that were not articulated during the administrative review process – namely that Mr. Souza was not a participant in the Plan, that he failed to report income to Social Security, and that he made false statements on his pension application. The Fund based its decision to deny Mr. Souza benefits exclusively on the ground that he did not have a disability determination from Social Security. Statement of Undisputed Facts ("SUF"), ¶¶12, 14. It did not indicate at any time during the administrative review process that Mr. Souza was not a participant in the Plan or that there were any problems with Mr. Souza's application. The Fund never indicated that it was denying disability pension benefits because Mr. Souza allegedly did not report income to Social Security.

The Plan violates ERISA and its regulations by asserting post hac justifications for denying Mr. Souza's claim. Glista at 130; see also Thompson v. Life Ins. Co. of North America, 30 Fed.Appx. 160, 163-164 (4th Cir. 2002) (plan administrator could not, consistent with ERISA's procedural safeguards and its fiduciary duty to consider claims fully and fairly and to provide participant with specific disqualifying reasons, raise new ground for denying claim for

first time at summary judgment stage). The Fund had access to Mr. Souza's pension benefit application and his employment and pension records during the administrative review process. It could have requested information from Mr. Souza about why he did not have sufficient Social Security credits for a disability determination. It could have very easily verified Mr. Souza's status as a participant and the information submitted on his pension application. Instead, it chose to deny benefits strictly on the ground that he had not obtained a determination of disability from Social Security. The Court should hold the Fund to this reason for denying benefits. Id. at 132.

In trying to circumvent this principle, the Plan resorts to employee discharge cases where a decision to terminate an employee is upheld based on after acquired evidence. This "after acquired evidence" rule, however, was developed in and has been employed in the context of Age Discrimination in Employment Act and Title VII claims. McKennon v Nashville Banner Publ. Co., 115 S.Ct. 879, 884 (1995). See also Dalton v. Wal-Mart Stores, Inc., (D.N.H 1996) WL 435146 (after-acquired evidence only relevant as a "cut-off date" for remedies for antidiscrimination laws and "bright line rule" only applicable to ADEA and Title VII). The rule affects only the "general class of cases where, *after termination*, it is discovered that the employee has engaged in wrongdoing." McKennon 115 S.Ct. at 886 [emphasis added]. The rule is totally inapplicable to a claim for disability benefits brought under ERISA. It certainly does not justify a departure from the well settled principle that a plan administrator may not rely on reasons for denying a claim that it did not rely on during administrative review.

Finally, the Plan contends that there are questions of fact as to whether Mr. Souza is estopped from obtaining a disability pension as a result of purported misrepresentations in his pension application. It is still an open question in the First Circuit whether equitable estoppel may be asserted in an ERISA case. Mauser v. Raytheon Co. Pension Plan for Salaried Employees, 239 F.3d 51 (1st Cir. 2001); Law v. Ernst & Young, 956 F.2d 364, 370 (1st Cir.

1992); Caradonna v. Compaq Computer Corp., 2000 WL 1507454 (D.N.H. 2000). Even if it can be asserted, the Fund cannot prevail on an estoppel argument as a matter of law. Because the Fund never paid Mr. Souza disability pension benefits, it did not rely on any alleged misrepresentation to its detriment – an essential element of any estoppel claim. Law, 956 F.2d at 368.

### III. The Plan Was Not Formally Amended To Include a Requirement that a Participant Obtain a Social Security Disability Determination

Defendant contends that minutes from the May 21, 2002 meeting of the Trustees somehow formally amended the Plan. This contention is simply without merit. An amendment to an ERISA plan must manifest a clear intent to amend. Biggers v. Wittek Industries, Inc., 4 F.3d 291, 296 (4th Cir. 1993); Deibler v. United Food Workers' Local Union 23, 973 F.2d 206 (3rd Cir. 1992); Jordan v. E.I. du Pont de Nemours & Co., 867 F. Supp. 1238, 1248 (D.S.C. 1994). A clear manifestation of intent to amend a plan requires at the very least a reference to the amendment. Jordan, 867 F.Supp. at 1248.

Past amendments to the Plan are formalized in writing and are signed by all of the Union and Contractor Trustees. These documents state that the Plan is being amended. They refer to the section of the Plan being amended and contain the text of the amended section. SUF, ¶9. The May 21, 2002 minutes do not approach any remote appearance of a Plan amendment. They neither manifest an intent to amend the Plan nor refer to a Plan amendment.

For these reasons, plaintiff's motion should be granted.

Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: June 1 , 2006

CERTIFICATE OF SERVICE

To:

Marc B. Gursky, Esq.
Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road – Suite C
North Kingstown, RI 02852

I hereby certify that I served on the above-named counsel of record a copy of the within reply memorandum by mailing first class mail, postage prepaid, on the 1st day of June, 2006.