UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY M. SOUZA, *Plaintiff,* | : | |
| v. | : | C.A. No. 05-186S |
| RHODE ISLAND CARPENTERS PENSION PLAN, *Defendant.* | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO STRIKE CERTAIN EXHIBITS AND REFERENCES THERETO**

Defendant Rhode Island Carpenters' Pension Plan hereby objects to Plaintiff's Motion To Strike Certain Exhibits and References Thereto on the grounds that Defendant's exhibits are relevant to the issues of standing, estoppel and whether the rule applied by the Trustees was arbitrary and capricious.

**Facts**

The Rhode Island Carpenters' Pension Plan and the Rhode Island Carpenters' Trust Agreement grant the Trustees of the Plan full authority to determine eligibility for a total disability pension. See Defendant's Memorandum of Law in Support of its Objection to Summary Judgment ("Defendant's Memo") at pp. 12-17. In accordance with that authority, the Trustees adopted a resolution on May 21, 2002 that defined what type of medical evidence would be necessary to prove total disability. (Hereinafter referred to as "the amendment" or "the rule"). Specifically, the medical evidence necessary to prove total disability is a finding of total disability by the social security administration.

Plaintiff applied for a total disability pension but failed to provide (or even request) a determination of total disability by the social security administration. Accordingly, in

accordance with the plain and unambiguous terms of the aforementioned amendment, his application was denied.

Plaintiff apparently does not dispute that, if the amendment was properly adopted, the Trustees' decision was appropriate. Plaintiff claims, however, that the actual amendment is arbitrary and capricious. [1] In support of its claim that the amendment is *not* arbitrary or capricious, Defendant offered the following pieces of evidence.

- Employee QuickReport and Employer's Remittance reports for J.G. Edwards Construction (Exhibit 1);
- Deposition testimony of Barry Souza (Exhibit 2);
- Affidavit of Betty Pacheco (Exhibit 3);
- Affidavit of Donald Lavin (Exhibit 4).

**Argument**

Contrary to Plaintiff's assertion, Defendant may submit evidence to this Court that is not part of the so-called "administrative record." The Orndorf case, cited in Plaintiff's Memorandum of Law, supports this. See Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 520 (1st Cir. 2005). The Court in Orndorf held, "[t]here may be times when it is appropriate for courts to hear new evidence. Where the challenge is not to the merits of the decision to deny benefit, but to the procedure used to reach the decision, outside evidence may be of relevance." Id. Plaintiff does not challenge the merits of the decision, i.e. whether the evidence he presented to the trustees sufficiently demonstrated that he was disabled. Rather, he challenges the validity

[1] Plaintiff also argues that the May 21, 2002 resolution does not constitute an amendment to the Plan. Defendant has already addressed this argument on p. 19 fn. 2 of its Memo. However, even if the resolution is not an amendment, because the trustees have the final authority to determine questions of eligibility, "the judicial role is limited to determining whether the trustees' interpretation was made rationally and in good faith – not whether it was right." See Brancaccio v. Local 338 Retirement Fund, 1981 U.S. Dist. LEXIS 11371, attached hereto, citing Riley v. MEBA Pension Trust, 570 F.2d 406, 410 (2d Cir. 1977).

and reasonableness of the eligibility criteria adopted by the Trustees. Defendant is entitled to present evidence in support of the validity and reasonableness of the rule. Obviously, Defendant cannot rely only upon evidence in the administrative record in support of its contention that a rule adopted over two years before the administrative record was even created is reasonable. The evidence in the administrative record is only relevant to the issue of whether Plaintiff established his disability. That issue is not in dispute, here.

In Vaughan v. Metal Lathers Local 46 Pension Fund, 474 F. Supp. 613 (S.D.N.Y. 1979), the trustees amended the plan to require employment in a certain industry immediately prior to the onset of the disability.[2] The plaintiff argued that the rule was inherently arbitrary and invalid, or, if valid, unreasonably applied to them. Id. at 617. In support of its argument that the rule was not arbitrary, the Plan submitted the affidavits of the Plan Director and the Plan's actuary. The Plan also submitted various tables that indicated a decrease in employer contributions and an increase in the number of disability pensions awarded by the Plan. The Court held,

> Having examined the affidavits... and the facts admitted by the parties, we conclude that the Trustees did not act arbitrarily or capriciously in amending the Plan to require an applicant for a disability to have earned two pension credits prior to the onset of the disability... We recognize that the Trustees' actions in such circumstances can often appear arbitrary to the class on whom the burden disproportionately falls. It is not the Court's function, however, to rewrite individual pension plans to ensure that all participants are given maximum benefits. Thus, this Court will not consider alternative amendments that the Trustees could have adopted... As the Tenth Circuit stated in Mestas v. Huge, 585 F.2d 450, 453 (10th Cir. 1978), '(w)here the trustees of a pension fund in setting eligibility standards have several rational alternatives, and select one and reject the others, there is no basis for judicial intervention.'

Id. at 618.

---

[2] Notably, a few months later the trustees again amended the plan to require that applicants submit proof that they have been granted a Social Security award of total disability. Id. at 617 n4. The validity of that amendment was not challenged.

The Court went on to say that the trustees acted cautiously in amending the disability requirement. Before adopting the "two credit" rule, they attempted to ensure that all applicants were truly disabled by requiring medical examinations and *a finding a disability by the social security administration*. Id. at 618. Finally, the Court rejected the plaintiff's argument that it is unfair to permit circumstances beyond the employee's control, such as the unavailability of work, to determine pension eligibility, holding, "the fact is that plaintiff did not work in the industry for two years prior to his disability" as required by the rule. Id. at 620-621. Moreover, the Court could not find that the rule was arbitrary as applied to plaintiff given the evidence that plaintiff was not even disabled.[3] See also Devine v. Metal Lathers' Local 46 Pension Funds, 626 F.2d 235, 236 (2nd Cir. 1980).

Thus, the Court in Vaughan accepted the same type of evidence Defendant offers, here: affidavits and other documents (including evidence that plaintiff received unemployment compensation during the period he claims he was disabled) that support its contention that the eligibility criteria are not arbitrary and capricious.

Moreover, the evidence is relevant to whether Plaintiff lied on his application and is therefore estopped from obtaining a disability pension. See Defendant's Memo at pp. 6-11.

Finally, pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant may present evidence that rebuts Plaintiff's Affidavit in support of his Motion for Summary Judgment. Rule 56 provides,

---

[3] In finding that the plaintiff was not disabled, the Court relied on evidence that plaintiff had collected unemployment insurance during a period in which he claimed to be disabled. Rather than remanding to the Fund to determine whether he could have retired on a disability pension the Court simply dismissed the claim, finding that because he would have been ineligible for unemployment benefits if he was disabled, he must not have been disabled. Id. at 620 n10. Likewise, Defendant here seeks to introduce evidence that Souza was collecting unemployment benefits (and working) while he claimed to be disabled. See Defendant's Memo pp. 6-8. Like the Court in Vaughan, this Court should examine the evidence and reject Souza's claim of disability, rather than remanding it to the Fund to reject.

> The court may permit affidavits to be supplemented or opposed by *depositions*, answers to interrogatories, or *further affidavits*. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

(Emphasis added). It would be inequitable to prevent Defendant from presenting evidence that rebuts Plaintiff's Affidavit.

## I. EMPLOYEE QUICK REPORTS AND REMITTANCE REPORTS

Defendant offered the Employee Quick Reports and Remittance Reports of J.G. Edward to show that, despite Plaintiff's claims that he was disabled on March 9, 2002, and last worked on July 17, 2002, the evidence showed that he was working for J.G. Edwards through January 10, 2003. The evidence is offered to contradict Plaintiff's contention that he is disabled, as it was in Vaughan. Given the evidence that Plaintiff is not disabled, this Court cannot find that the rule was arbitrary as applied to him. Id. at 620. This Court should not engage in hypothetical situations to determine in what circumstances the rule would be arbitrary as applied to a particular applicant. The fact is, because the evidence proves that Defendant was not disabled, the rule is not arbitrary as applied to him.

Moreover, the reports also rebut Plaintiff's Affidavit and support Defendant's contention that Plaintiff lied on his pension application and is therefore estopped from receiving benefits.

## II. DEPOSITION TESTIMONY OF BARRY SOUZA

Defendant offered the deposition testimony in support of its argument that Plaintiff lied on his pension application and is therefore estopped from obtaining a disability pension. See Defendant's Memo at pp. 6-11. It is also offered to rebut Plaintiff's Affidavit.

## III. AFFIDAVITS OF DONALD LAVIN AND BETTY PACHECO

Defendant is entitled to introduce evidence in support of its contention that Plaintiff lacks standing to challenge the amendment. The question of standing is relevant to all claims. It need not be raised as an affirmative defense and indeed may be raised *sua sponte* by the Court. See e.g. Dir. v. Newport News Shipbuilding & Dry Dock Co., 514 U.S. 122, 125 (U.S. 1995)(affirming the court of appeals decision raising *sua sponte* the question of whether the plaintiff had standing to appeal the Board's order and concluding that she did not have standing with regard to that aspect of the order denying the claim for full-disability compensation, since she was not "adversely affected or aggrieved" by that decision). Plaintiff can cite to no authority that indicates otherwise. In Herman v. Central States, Southeast and Southwest Areas Pension Fund, 2003 U.S. Dist. LEXIS 18732, the Court held that some of the retired plaintiffs who sought pension benefits did not have standing to challenge the Plan amendment at issue because they did not show (1) an injury that is concrete, particularized and actual or imminent rather than conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of such that the injury is fairly traceable to the defendants' action; and (3) that a favorable decision is likely to redress the injury. Id. at *7. Here, the evidence is offered to prove that Defendant has not carried his burden of proving that he was harmed by the amendment. As discussed more fully in Defendant's Memo at pp. 2-5, Defendant has not proven that he is unable to obtain a social security determination. If Defendant can obtain the determination, either because he actually does have enough credits or because he can obtain a determination regardless of credits, he was not harmed by the amendment and, therefore, has no standing to sue.

The Affidavit of Donald Lavin is also offered to show that the amendment is not arbitrary or capricious. See Defendant's Memo at 16-19. The Trustees have the right, and indeed the

obligation, to create a benchmark by which to determine eligibility. "Short of individualized consideration of the equities of each and every case – *a course which would likely paralyze the system* – there are no perfect solution." See Sprandel v. Sec'y of HHS, 838 F.2d 23, 27 (1st Cir. 1988)(per curium) (emphasis added). Donald Lavin's Affidavit is offered to show the reasonableness of a rule which has never served to exclude a participant from coverage. Further, the rule saves time and money because the trustees do not have to sift through hundreds of documents to determine disability. Rather, the trustees can simply rely on the findings of the Social Security Administration, which is much better equipped to determine disability. However, if and when a participant actually proves that he was excluded from coverage because of the rule, this case may be ripe for decision.[4] However, that is not the case here. Here, the evidence shows that Mr. Souza may have been eligible for a social security determination and, if he was not, it was due to his own fraudulent behavior.

**Conclusion**

All relevant evidence offered by the Defendant should be considered by this Court unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed Rules Evid R 403. Plaintiff has not cited any of the aforementioned reasons to justify the exclusion of Defendant's proffered evidence. Contrary to Plaintiff's contention, the Orndorf case does not mandate that this Court ignore relevant evidence. Accordingly, Plaintiff's Motion to Strike must be denied.

---

[4] Although, even if a participant can prove that, through no fault of his own, he is unable to obtain a social security determination, the rule would not be arbitrary simply because it excludes an otherwise eligible participant from pension benefits. After all, "the necessity to draw hard boundary lines, inevitably adversely affects some individuals who find themselves on the wrong side of line." Rueda v. Seafarers Int'l Union of North America, 576 F.2d 939, 942 (1st Cir. 1978).

Respectfully submitted,
On behalf of the Plaintiff,
By its attorneys,

Marc B. Gursky, Esq. #2818
Elizabeth Wiens, Esq. #6827
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Ste. C
North Kingstown, R.I. 02852
Tel. (401) 294-4700
Fax. (401) 294-4702

Dated: June 15, 2006

CERTIFICATION

I hereby certify that a true copy of the within document was sent by regular mail, postage prepaid, to Catherine A. Syner, VETTER & WHITE, 20 Washington Place, Providence, RI 02903 on this 16th day of June, 2006.

Kerrie Karwoski