UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY M. SOUZA, Plaintiff | ) | |
| | ) | C.A. No. 05-186/S |
| v. | ) | |
| RHODE ISLAND CARPENTERS' PENSION PLAN, Defendant | ) | |

**PLAINTIFF BARRY SOUZA'S RESPONSE TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Barry Souza requests that Court adopt Magistrate Judge Lincoln Almond's Report and Recommendation because (1) Mr. Souza has standing to bring his claim, and (2) the May 21, 2002 vote by the Board of Trustees of the Rhode Island Carpenters' Pension Fund (the "Fund") to require a determination of total and permanent disability from the Social Security Administration to support disability under the Rhode Island Carpenters' Pension Plan (the "Plan") (hereinafter referred to as the "May 21, 2002 action") was an improper Plan amendment.[1]

## I. The Court Correctly Determined That Barry Souza Has Standing To Bring A Claim Under 29 U.S.C. § 1132(a)(1)(b)

There is no issue of material fact with respect to Mr. Souza's standing. Under the Employee Retirement Income Security Act ("ERISA"), a participant or beneficiary has standing to sue to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. 29 U.S.C. §1132(a)(1)(b). Standing is a question of law because a court must apply ERISA's statutory definition of participant. Shawley v. Bethlehem Steel Corp., 989 F.2d 652, 657 n.10 (3rd Cir.

[1] The only evidence of the May 21, 2002 action is contained in minutes from a May 21, 2002 meeting of the Trustees.

1993). The Court correctly determined that Mr. Souza has standing because he was a participant in the Plan. Report and Recommendation ("Rep. & Rec."), p. 6.

The Court also correctly decided that Mr. Souza has standing under Article III of the United States Constitution to bring the instant action. To establish standing in federal court:

> [A] party must demonstrate three things: first, the plaintiff must have suffered an 'injury in fact'- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Comfort v. Lynn School Committee, 418 F.3d 1, 10 (1st Cir. 2005), citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The Court expressly found "a direct causal relationship between Plaintiff's claimed injury (the denial of a disability pension) and the challenged action of the Trustees (the May 21, 2002 resolution)" as required for Article III standing. Rep. & Rec., p. 7. The Plan's assertion that the Court "erred in failing to consider whether Plaintiff has standing under Article III" is wholly unsupported. Def. Obj. to Rep. & Rec., p. 4.

The Plan does not cite any legal support for its argument that in order to prove that his injury was causally related to the May 21, 2002 action, Mr. Souza must "prove either that (1) he cannot obtain a social security determination or (2) that he obtained an unfavorable determination by SSA, which he thereafter unsuccessfully appealed." Def's Obj to Rep. & Rec., p. 5. It also speculates that Mr. Souza might have been able to get a Social Security disability determination notwithstanding the fact that he has insufficient credits. Id. The Court properly rejected these arguments. Rep. & Rec., pp. 7-8.

The Plan tries to distract the Court from undisputed facts showing Mr. Souza has standing under ERISA and Article III. Mr. Souza seeks disability pension benefits under 29 U.S.C. § 1132(a)(1)(b). His claim was denied by the Plan solely because of the May 21, 2002 action. Affidavit of Barry Souza ("Souza Aff."), Exhibit C, pp. 2, 8. Mr. Souza challenges the Plan's denial of his claim based on the May 21, 2002 action. These are the only facts relevant to the standing inquiry.

It is disingenuous at best for the Plan to argue that Mr. Souza could have obtained a medical determination from Social Security even though he does not have enough credits to be eligible for Social Security disability benefits. During its administrative review of Mr. Souza's claim, the Plan accepted Mr. Souza's assertion that he could not get a Social Security disability determination. A summary prepared for the Plan's review of Mr. Souza's claim advised the Trustees that "(1) Plaintiff cannot receive a Date of Entitlement from Social Security Disability as he needs 4 more credits to qualify for a Disability pension with them." Souza Aff., Exhibit C at p. 31.

Department of Labor regulations impose a duty on plan administrators in denying a claim to provide "[a] description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary." 29 C.F.R. §2560.503-1(g). If, as the Plan alleges, Mr. Souza could have obtained a Social Security disability determination in spite of his ineligibility for Social Security disability benefits, the Plan should have told him so in its October 27, 2004 letter denying his claim. It did not. Souza Aff., Exhibit C, p. 8.

The Plan also mischaracterizes the Court's rejection of its standing argument as "placing the burden on the Plan to prove standing." The Court simply made a legal determination that Mr. Souza has standing under ERISA and Article III. It found the Plan's

standing argument "unpersuasive" and the evidence offered by the Plan "not competent to support its argument." Rep. & Rec., pp. 7-8. Nothing in the Court's Report and Recommendation can be construed as shifting the burden to the Plan to "prove" standing.

**II. The Court Correctly Interpreted ERISA When It Found That The Plan's May 21, 2002 Action Was An Improper Plan Amendment**

The Court's determination that the May 21, 2002 action was an improper plan amendment is entirely consistent with ERISA law.

Under ERISA, every employee benefit plan must provide a procedure for amending the plan and for identifying the persons who have authority to amend the plan. 29 U.S.C. § 1002(b)(3). The purpose of this provision is to ensure that "every employee may upon examining the plan documents determine exactly what his rights and obligations are under the plan." Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73, 83 (1995).

Amendments, therefore, must be adopted in writing and in the manner required under the benefit plan. Bellino v. Schlumberger Technologies, Inc., 944 F.2d 26 (1st Cir. 1991); Dall v. The Chinet Co., 33 F.Supp.2d 26, 42 (D. Me. 1998); see also Allen v. West Point-Pepperell, Inc., 908 F.Supp. 1209, 1222 (S.D.N.Y. 1995) (a change in the terms of a benefit plan is only valid if made in writing pursuant the amendment procedure and by the amending authority set forth in the benefit plan); Washington Nat'l Ins. Co. v. Hendricks, 855 F.Supp. 1542, 1556-57 (W.D. Wis. 1994) (a writing that does not comply with the amendment procedures of the plan cannot become a part of the plan). It is well settled that an ERISA plan may not be amended informally. Dall v. The Chinet Co., 33 F.Supp.2d 26, 42 (D. Me.1998). Informal or unauthorized modification of pension plans is impermissible under ERISA. Biggers v. Wittek Industries, Inc., 4 F.3d 291 (4th Cir.1993); Pizlo v. Bethlehem Steel Corp., 884 F.2d 116, 120 (4th Cir. 1989).

According to Section 10.1 of the Plan, any amendment must be made pursuant to "a resolution duly adopted by the Trustees." SUF, ¶ 8. Past amendments to the Plan are formalized in writing and are signed by all of the Union and Contractor Trustees. These documents state that the Plan is being amended. They refer to the section of the Plan being amended and contain the text of the amended section. Id. at ¶ 9.

The Court correctly recognized that the May 21, 2002 action had to, at a minimum, manifest intent to amend the plan, or at least refer to a plan amendment. Rep. & Rec., p. 9; see also Biggers v. Wittek Indus. Inc., 4 F.3d 291, 296 (4th Cir. 1993); Jordan v. E.I. du Pont de Nemours & Co., 867 F.Supp. 1238, 1248 (D.S.C. 1994). It found the May 21, 2002 action suspect because it makes no mention of amending the Plan or the specific Plan section(s) to be amended.

The Court also observed that the May 21, 2002 action contains no Trustee signatures and gives no reasonable notice to participants of any specific changes to the terms of the Plan. Rep. & Rec., p. 10. There is no reference to the Trustees' power to amend under section 10.1 of the Plan. It cannot be disputed that the May 21, 2002 resolution is completely inconsistent with previous Plan amendments.

It may be true that missing signatures or failure to send notice to plan participants by itself may not affect the validity of an otherwise proper plan amendment. See Lettrich v. J.C. Penney Co., 90 Fed. Appx. 604, 608 (3rd Cir. 2004); Ross v. Rail Car Am. Grp. Disability Income Plan, 285 F.3d 735, 742 (8th Cir. 2002); Horn v. Berdon, Inc. Defined Ben. Pension Plan, 938 F.2d 125, 127 (9th Cir. 1991); Johannssen v. District No. 1--Pacific Coast Dist., 136 F.Supp.2d 480, 489 (D.Md. 2001); Spacek v. Trustee of Agreement of Trust for Maritime Association-I.L.A. Pension Plan, 923 F.Supp. 960, 962-963 (S.D. Tex. 1996). It is an entirely different matter, however, when the purported amendment makes no mention of an amendment

or the section of the plan being amended and contains none of the standard formalities contained in previous plan amendments.

The Plan's reliance on Johannssen and Ross is misplaced. The Johannssen resolution clearly expressed intent to amend the plan and referred to the section of the plan being amended. 136 F.Supp.2d at 489. In Ross, the disputed amendments were incorporated in the policy and were restated in their entirety so as to delete the superseded provisions. 285 F.3d at 742. The May 21, 2002 action is not contained in any Plan documents provided to Mr. Souza.

The other decisions cited by the Plan are of questionable relevance because they do not provide the text of the disputed resolutions. See Horn, 938 F.2d at 127; Spacek, 923 F.Supp. at 962-963. It is impossible to determine whether they bear any resemblance to the May 21, 2002 action.

The Plan contends that it need only adopt a resolution to amend the Plan. Following the Plan's logic, however, there would be no way to distinguish resolutions that amend the Plan from those that do not. ERISA's requirement that each plan have an amendment procedure "enables plan administrators ... to have a mechanism for sorting out, from among the occasional corporate communications that pass through their offices and that conflict with the existing plan terms, the bona fide amendments from those that are not." Curtiss-Wright, 514 U.S. at 82. It is a matter of common sense that an amendment has to at least mention that the plan is being amended.

Moreover, the average participant looking at Plan documents would not be able to find the Social Security determination requirement contained in the May 21, 2002 action. Minutes from trustee meetings are not plan documents. ERISA's disclosure provisions do not obligate a plan administrator to provide a plan participant with copies of minutes in response to a request for plan documents. 29 U.S.C. § 1024(b)(2); see also Chambless v. Masters, Mates &

Pilots Pension Plan, 571 F.Supp. 1430, 1456 (S.D.N.Y. 1983). Thus, a participant requesting Plan documents would not see the May 21, 2002 minutes requiring a Social Security disability determination.

### III. The Report and Recommendation Does Not Modify the Plan

The Plan erroneously contends that the Court's report and recommendation "judicially modifies the Plan." Def. Obj. to Rep. & Rec., p. 9. The Court correctly found the May 21, 2002 action was an invalid Plan amendment because the Plan did not follow amendment procedures of ERISA and the Plan. It does not impose any requirements for Plan amendments that the Trustees had not imposed before. Nothing in the Court's report and recommendation modifies the terms of Plan.

Moreover, the Plan bases this argument in part on the speculative assertion that Mr. Souza can get a medical determination of disability from Social Security even though he is not eligible for Social Security disability benefits. As evidence, the Plan presents the affidavit of Donald Lavin. Notwithstanding the fact that it is not competent to support the Plan's argument,[2] this evidence should not be considered by the Court because it was not part of the administrative record before the Plan when it denied Mr. Souza's claim.[3] It is a well settled principle of ERISA law in the First Circuit that the "decision to which judicial review is addressed is the final ERISA administrative decision." Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 519 (1st Cir.

---

[2] In his affidavit, Lavin recalls "at least one individual who did not have enough credits to obtain a social security disability pension but, nonetheless, was able to obtain a determination of medical disability…" Affidavit of Donald Lavin, ¶ 5. A one-page document attached to the affidavit indicates that the claimant met the medical requirements for disability benefits and that no decision had been made about whether the "non-medical requirements" were met for the claim. Neither Lavin's affidavit nor the attached document describes the circumstances of the case. Mr. Lavin does not state whether he has personal knowledge of the underlying circumstances or whether is capable of authenticating the document.

[3] On June 2, 2006, plaintiff moved to strike portions of Donald Lavin's affidavit as well as the attached exhibit on the ground that they were not part of administrative record. The motion was denied as moot by the Court on July 13, 2006 because of the Court's recommendation that plaintiff's motion for summary judgment be granted.

2005). The Lavin affidavit and its exhibit should not be considered by the Court in ruling on this motion.

## IV. CONCLUSION

For the foregoing reasons plaintiff Barry Souza requests that the Court adopt Magistrate Judge Lincoln Almond's Report and Recommendation.

/s/ Catherine A. Shaghalian
Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: August 11, 2006

CERTIFICATE OF SERVICE

To:

Marc B. Gursky, Esq.
Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road – Suite C
North Kingstown, RI 02852

I hereby certify that I electronically filed the within Plaintiff Barry Souza's Response to Defendant's Objection to Magistrate Judge's Report and Recommendation on August 11, 2006. The response is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record has been effectuated by electronic means.

/s/Catherine A. Shaghalian