UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY M. SOUZA,<br>Plaintiff<br><br>v.<br><br>RHODE ISLAND CARPENTERS'<br>PENSION PLAN,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-186/S |

**PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES**

Plaintiff Barry Souza hereby moves for an award of attorney's fees under 29 U.S.C. § 1132(g)(1).

Plaintiff files herewith a supporting memorandum of law and the affidavits of Catherine A. Shaghalian, Brooks R. Magratten and J. Scott Kilpatrick attached thereto.

/s/ Catherine A. Shaghalian
Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: September 21, 2006

CERTIFICATE OF SERVICE

To:

Marc B. Gursky, Esq.
Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road – Suite C
North Kingstown, RI 02852

I hereby certify that I electronically filed the within motion on September 21, 2006. The motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record has been effectuated by electronic means.

/s/Catherine A. Shaghalian

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY M. SOUZA, Plaintiff | ) | |
| | ) | C.A. No. 05-186/S |
| v. | ) | |
| | ) | |
| RHODE ISLAND CARPENTERS' PENSION PLAN, Defendant | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**<u>MOTION FOR ATTORNEY'S FEES AND COSTS</u>**

Plaintiff Barry Souza hereby moves for attorney's fees and costs under 29 U.S.C. § 1132(g)(1).

## I. FACTS AND TRAVEL

Mr. Souza brought this action against defendant Rhode Island Carpenters Pension Plan (the "Plan") for disability pension benefits under 29 U.S.C. 1132(a)(1)(b). The Plan denied Mr. Souza's claim because the Board of Trustees ("Trustees") of the Rhode Island Carpenters Pension Fund (the "Fund") voted on May 21, 2002 to require a determination of total and permanent disability from the Social Security Administration (the "May 21, 2002 action"). On April 5, 2006 Mr. Souza moved for summary judgment declaring that the decision by the Fund was incorrect and in violation of the terms of the Plan. Mr. Souza further requested that the Court remand the case to the Fund for a full review of his disability pension benefit claim. On August 31, 2006 the Court granted plaintiff's motion. The Court entered judgment in plaintiff's favor on September 7, 2006.

## II. ARGUMENT

### A. An Award Of Fees Is Justified In The Circumstances Of This Case

Mr. Souza requests that the Court award him attorney's fees and costs incurred in successfully appealing the Plan's decision to deny his claim based on the May 21, 2002 action. The Employee Retirement Income Security Act ("ERISA") provides that in any action by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party. 29 U.S.C. § 1132(g)(1). The factors that a court may consider in deciding whether to award attorney's fees and costs are: "(1) the degree of culpability or bad faith attributable to the losing party; (2) the depth of the losing party's pocket; (3) the extent (if at all) to which such an award would deter other persons acting under similar circumstances; (4) the benefit (if any) that the successful suit confers on plan participants or beneficiaries generally; and (5) the relative merit of the parties' positions." Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 225 (1st Cir. 1996); Beauvais v. Citizens Financial Group, Inc. 418 F. Supp. 2d 22, 33 (D.R.I. 2006). Each of these factors weighs in favor of awarding attorney's fees and costs to Mr. Souza.

The Plan is culpable for having unreasonably denied Mr. Souza's claim for disability pension benefits. Beauvais, 418 F. Supp. 2d at 33. The Court found that the Plan's May 21, 2002 action was an invalid Plan amendment. The Court also concluded that it was "not a valid interpretation of the Plan since it contradicts the terms of the Plan." Rep. & Rec., p. 10. As a result, "the Plan acted arbitrarily and capriciously when it applied the May 21, 2002 action to deny Plaintiff's disability pension." Id. at p. 12.

The Plan can afford to pay Mr. Souza's attorney's fees and costs. At the end of 2004, the Plan had over $79 million in net assets. A true copy of the Plan's 2004 Form 5500 is

attached as Exhibit A. Mr. Souza, on the other hand, cannot work. Pursuing this appeal has put a severe financial strain on him and his family.

More importantly, however, an award of attorney's fees and costs will deter the Fund from improper attempts to amend the Plan in the future, a deterrent that will benefit Plan participants. If changes to the Plan are made through the Plan's formal amendment process, participants have at least some opportunity to determine their rights and obligations upon examining Plan documents. See Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73, 83 (1995).

The Court's decision affects not only Souza, but plan participants generally. There may also be other participants whose benefits were denied based on the May 21, 2002 action. A fee award will encourage those participants to challenge their benefit denials.

The relative merits weigh in Mr. Souza's favor. To prevail, Mr. Souza had to defend a number of groundless defenses raised by the Plan. The Court rejected the Plan's contention that Mr. Souza does not have standing. Rep & Rec., p. 7. It refused to consider the Plan's post hac justifications for denying Mr. Souza's claim. Id., p. 12. It dismissed the Plan's assertion that Mr. Souza could have obtained a Social Security disability determination notwithstanding his ineligibility for Social Security disability benefits as "speculative" and not supported by competent evidence. Id., p. 8. The Court's decision is well founded and by no means a close call

To pursue this action, Mr. Souza was forced to retain counsel and incur significant expense. It will be a hollow victory if he is required to shoulder attorney's fees and costs. A fee award is necessary to restore Mr. Souza to the position he would have occupied had his claim not been unreasonably denied by the Plan. Beauvais at 33. The average plan participant cannot afford to sue the Plan when it imposes an improper amendment. Awarding

attorney's fees and costs to participants who successfully challenge invalid amendments by a plan administrator will help enforce ERISA's minimal, but vital, requirements for plan amendments.

### B. Plaintiff's Attorney's Fees And Costs Are Reasonable

In connection with Mr. Souza's appeal of his benefit denial, the total amount of fees incurred was $43,150.25 plus $2,289.85 in costs. Exhibits B and C. The services and time expended were reasonable and accurately reflect the firm's activity in connection with this litigation since February 2005, when the firm was first engaged to represent Mr. Souza. Exhibits B through D. The expenses recorded were actually and necessarily incurred and paid by Vetter & White, and are subject to reimbursement from Mr. Souza. Exhibits B and C.

## III. CONCLUSION

For these reasons plaintiff Barry Souza requests that the Court award him reasonable attorney's fees and costs as set forth in the affidavits submitted herewith.

/s/ Catherine A. Shaghalian
Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: September 21, 2006

CERTIFICATE OF SERVICE

To:

Marc B. Gursky, Esq.
Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road – Suite C
North Kingstown, RI 02852

I hereby certify that I electronically filed the within memorandum on September 21, 2006. The memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record has been effectuated by electronic means.

/s/Catherine A. Shaghalian