# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY M. SOUZA, Plaintiff | ) | |
| | ) | C.A. No. 05-186/S |
| v. | ) | |
| | ) | |
| RHODE ISLAND CARPENTERS' PENSION PLAN, Defendant | ) | |

**AFFIDAVIT OF J. SCOTT KILPATRICK**

I, J. Scott Kilpatrick, of Providence, Rhode Island, on oath depose and say as follows:

1. I am an attorney licensed to practice law in Rhode Island. I was admitted to practice in Rhode Island in 1988. I was admitted to the bar of this Court in 1992.
2. I am a partner in the law firm of Chisholm, Chisholm & Kilpatrick LLP. My principal practice area is litigation, including ERISA litigation.
3. I am not related to – and do not know — any of the individual parties to this action and have not represented the Rhode Island Carpenters' Pension Plan.
4. I have reviewed the pleadings, orders and dockets in this case.
5. I have reviewed the motion of Barry Souza for attorney's fees and costs together with the supporting Memorandum and Affidavits of Catherine A. Shaghalian, Esq. and Brooks R. Magratten, Esq.
6. I have reviewed the time and services rendered by the attorneys for Barry Souza in this case.
7. I am generally familiar with rates charged for litigation services in Rhode Island and elsewhere for business litigation.

8. In my opinion, the following rates charged by the attorneys (and paralegals) in this litigation are reasonable given the experience of the attorneys and the nature of the litigation and the services rendered:

   a. Vetter &White

      i. Brooks R. Magratten — Partner - $ 230

      ii. Catherine A. Shaghalian – Associate - $ 145/$160

      iii. Leslie D. Mansur – Paralegal - $ 90

9. In my opinion, the legal time spent on this action was reasonable given the complexity of issues and the contested nature of the proceedings, pleading and motion practice. The typical suit for benefits under ERISA requires a Court to review an eligibility determination by a plan administrator based on a fully developed administrative record. In this case Mr. Souza's claim for disability pension benefits was denied solely on the ground of a purported amendment to the Rhode Island Carpenters Pension Plan. It required a significant amount of research and briefing on the issue of the validity of that Plan amendment. Mr. Souza also had to address several questionable defenses raised by defendant. In my opinion the costs charged in this matter are reasonable.

J. Scott Kilpatrick

Subscribed and sworn to
before me this 21ST
day of September, 2006.

NOTARY PUBLIC