**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

BARRY M. SOUZA, :
*Plaintiff*, :
:
v. : C.A. No. 05-186S
:
RHODE ISLAND CARPENTERS :
PENSION PLAN, :
*Defendant*. :
___________________________________:

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR AWARED OF ATTORNEY'S FEES AND CROSS-MOTION FOR ATTORNEYS' FEES**

Defendant's Rhode Island Carpenters Pension Plan hereby objects to Plaintiff's Motion for Award of Attorneys' fees and requests that this Court grant Defendant its reasonable attorneys' fees.

**Argument**

**I. PLAINTIFF IS NOT ENTITLED TO HIS ATTORNEYS' FEES**

**A. Plaintiff's Motion Is Premature**

The Judgment in this case, entered on August 30, 2006, directs that the matter be "remanded to the plan for further 'full review' of plaintiff's disability pension application." The remand has not, as of yet, occurred. Accordingly, because the Court cannot yet ascertain who the prevailing party in this litigation is, consideration of a fee request is premature. See Ravesloot v. Administrative Committee of Baxter International, 2004 U.S. Dist. LEXIS 11572, 33 Employee Benefits Cas. (BNA) 1898 (N.D.Ill. 2004)(Participant "has secured only a remand and the record does not suggest that [Defendant] denied benefits in bad faith. Accordingly, consideration of the request for fees is premature and, therefore, is denied without prejudice.") See also Carugati v.

Long Term Disability Plan, 2002 U.S. Dist. LEXIS 4774 (N.D. Ill. 2002) (when court remanded to the plan administrator, the plaintiff was only a prevailing party in a limited sense of the term and her request for attorneys' fees was premature when no evidence indicated that the plan acted in bad faith or meant to harass the plaintiff).

**B. Plaintiff Was Unsuccessful On Both Of His Claims**

Plaintiff's Complaint requests the following relief: Disability benefits under the Plan and damages due to the Plan's alleged failure to provide requested Plan materials. Plaintiff received neither of these remedies. Rather, the Court simply ordered the Plan to conduct "further full review" of Plaintiff's disability pension application. Accordingly, not only was Plaintiff unsuccessful in obtaining either remedy he requested in his Complaint, but the Plan successfully defeated both counts of Plaintiff's Complaint.

**C. The Factors Cited By Plaintiff Weigh Against An Award Of Attorneys' Fees**

In any ERISA claim advanced by a "participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee" to the prevailing party. 29 U.S.C. § 1132(g)(1). Unlike other fee-shifting statutes, however, ERISA does not provide for a virtually automatic award of attorneys' fees to prevailing plaintiffs. Instead, fee awards under ERISA are wholly discretionary. Gray v. New England Tel. & Tel. Co., 792 F.2d 251, 259 (1st Cir. 1986); see also Lodge v. Shell Oil Co., 747 F.2d 16, 20 (1st Cir. 1984). This discretion is not without standards. To channel its exercise, this court has cited five basic factors that customarily should be weighed in the balance: (1) the degree of culpability or bad faith attributable to the losing party; (2) the depth of the losing party's pocket, i.e., his or her capacity to pay an award; (3) the extent (if at all) to which such an award would deter other persons acting under similar circumstances; (4)

the benefit (if any) that the successful suit confers on plan participants or beneficiaries generally; and (5) the relative merit of the parties' positions. See Gray, 792 F.2d at 257-58. Other courts of appeals have compiled strikingly similar lists. See Eddy v. Colonial Life Ins. Co., 59 F.3d 201, 206 n.10 (D.C. Cir. 1995) (collecting cases). The circuits agree that such compendia are exemplary rather than exclusive. See id. at 206. An inquiring court may -- indeed, should -- consider additional criteria that seem apropos in a given case. In a word, the test for granting or denying counsel fees in an ERISA case is "flexible." Gray, 792 F.2d at 258.

Moreover, the First Circuit has held that, in an ERISA case, a prevailing plaintiff does not, merely by prevailing, create a presumption that he or she is entitled to a fee-shifting award. See Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220 (1st Cir. 1996). Other Circuits are in agreement. See Maurer v Joy Techs., Inc., 212 F.3d 907 (6th Cir. 2000); Florence Nightingale Nursing Serv. v Blue Cross/Blue Shield, 41 F.3d 1476 (11th Cir. 1995) cert den 514 U.S. 1128 (1995); Martin v Blue Cross & Blue Shield, 115 F.3d 1201 (4th Cir. 1997) cert den 522 US 1029 (1997); Bittner v Sadoff & Rudoy Industries, 728 F2d 820 (7th Cir. 1984) (Unlike Civil Rights Attorney's Fees Awards Act, ERISA does not create presumption in favor of prevailing plaintiff's request for fees and against prevailing defendant's.) Thus, even when a court disagrees with an ERISA Plan administrator's interpretation of the Plan, *a participant's request for attorneys' fees will be denied unless the administrator's interpretation is without merit or demonstrates bad faith*. Seitz v Metro. Life Ins. Co., 433 F3d 647 (8th Cir. 2006). An award of attorney fees is not justified where there was no culpability or bad faith on the part of the party and the party prevailed on some issues involved or had reasonably meritorious claims.

Hammond v James W. Griffin Co., 520 F Supp 162 (ND Ga 1981).

In terms of the first factor -- culpability – the record contains no indication that Defendant exhibited bad faith. Defendant, through its trustees, amended the Plan in 2002, two years before Plaintiff applied for benefits. The Amendment complied with the Plan's amendment procedure. Moreover, it is consistent with other Plan's amendments. The Court held that the Amendment process did not comply with ERISA's amendment requirements because "it is not signed by the Trustees, and it gives no reasonable notice to participants of any specific changes to the terms of the Plan." Report and Recommendation at p. 10. The Court never found, nor even implied, that the Plan exhibited bad faith in applying the resolution/amendment to Plaintiff. Indeed, after Plaintiff filed suit against Defendant, Defendant offered to review Plaintiff's application *independent of the trustee resolution*.

With respect to the second factor, "[a]n inability to afford attorneys' fees may counsel against an award, [citations omitted], but the capacity to pay, by itself, does not justify an award, [citation omitted]; Tiemeyer v. Community Mut. Ins. Co., 8 F.3d 1094, 1102 (6th Cir. 1993), cert. denied, 114 S. Ct. 1371 (1994)." Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 227 (1st Cir. 1996). Consequently, the second factor lacks appreciable significance. Id.

Next, the Court will consider the extent to which an award of fees will deter other persons acting under the same circumstances. As noted above, the Plan offered to review Plaintiff's application over a year ago, even though he did not have the requisite social security disability determination. If Plaintiff is awarded its attorneys' fees, the only action that will be deterred is a reasonable settlement offer. Even after Defendant made a

reasonable offer to settle, Plaintiff continued to go proceed with his case, wasting time and resources. It is Plaintiff's behavior that must be deterred here. If Plaintiff had accepted Defendant's settlement offer, he would be in the same position he is in now. However, neither party would have been forced to accrue additional legal expenses.

The fourth factor -- common benefit -- cuts against Plaintiff. His situation is both rare and brought about by his own fraudulent behavior; thus, other participants do not stand to profit from his success. No other participant has ever been unable to qualify for a finding a social security disability. If participants have sufficient quarters to qualify for pension benefits, they have sufficient quarters to qualify for social security. "This lack of other similarly situated participants militates against a fee award." Cottrill, 100 F.3d at 227.

Last, Defendant's position had merit. Indeed, Defendant prevailed on both counts. That the Court remanded the case back to the Fund for "further full review" does not indicate that the Plan's position lacked merit. Rather, based on the numerous inaccuracies in Plaintiff's application, it is very possible that his claim for benefits will again be denied again. In that case, because Plaintiff will not have prevailed, he would not be entitled to attorneys' fees pursuant to 29 U.S.C. § 1132, as attorneys' fees may only be awarded to the "prevailing party."

**D. Plaintiff's Attorneys' Fees Are Not Reasonable**

Plaintiff unnecessarily expended attorneys' fees in pursuit of his case. Plaintiff was offered a settlement on July 26, 2005. He declined the offer and proceeded to spend tens of thousands of dollars to achieve the same result he could have obtained had he

accepted Defendant's offer. Clearly, these fees were not necessary and, therefore, not reasonable within the meaning of 29 U.S.C. § 1132.

In Thibeault v. Comprehensive Community Action, Inc., WCC 00-03707 (September 19, 2006), attached hereto as Exhibit 1, the Rhode Island worker's compensation appellate division rejected an injured employee's counsel fee request because (1) the insurer had offered to pay the precise amount of workers' compensation benefits requested by the employee and (2) the employee's petition to the Workers' Compensation Court was not filed in order to obtain compensation benefits for the employee but instead only to obtain compensation for the attorney. The statute at issue authorized the court to award counsel fees for services rendered before the court during the course of the prosecution of a petition. However, because the employee did not accept the employer's offer, which would have resolved the issue "outside of the boundaries of the courtroom," even though the employee successfully prosecuted his petition, he was not granted his attorneys' fees. "The insurer had already offered to pay the precise amount of compensation benefits requested by the employee. The trial judge correctly stated that the petition was not necessary to secure the benefits of the employee."

Here, too, the prosecution of Plaintiff's case was not necessary to secure benefits for Plaintiff because the issue could have been resolved, "outside the boundaries of the courtroom." Likewise, in Haworth v. Nevada, 56 F.3d 1048, 1052 (9th Cir. 1995), the Court held that, when a plaintiff rejects an offer of settlement, the reasonableness of an attorney fee award will depend, at least in part, on the district court's consideration of the

results that the plaintiff obtained by going to trial compared to the offer.[1] In Haworth, the court noted the plaintiffs had not succeeded on a single theory at trial and, even on the conceded claim, recovered a judgment "close to a quarter of a million dollars less than they could have had by accepting the Rule 68 offer. Clearly, the only one who benefited by pursuing the litigation after the Rule 68 offer was made was the plaintiffs' attorney." Id. See also Dalal v. Alliant Techsystems, Inc., 927 F. Supp. 1374, 1382 (D. Colo. 1996) (awarding attorney fees in the lodestar amount of $ 134,229.00 would be unreasonable, taking into account plaintiff's rejection of the $ 150,000.00 Rule 68 offer of judgment).

Finally, there exists no itemization of Plaintiff's costs, such as copying charges of $569.25, a long distance facsimile of $14.70 and On-Line research in the amount of $1,181.38. Without a detailed description of the costs expended, this Court cannot determine if the costs were reasonable, or, even if they were actually expended in prosecution of this case.

## II. DEFENDANT IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES

As discussed above, Defendant successfully defended both of Plaintiff's claims.[2] Moreover, because Plaintiff pursued his claim in bad faith, Defendant is entitled to its attorneys' fees.

Plaintiff filed this case on or about May 2, 2005. On July 26, 2005, Defendant, through counsel, offered to reevaluate Plaintiff's disability pension application "based on whatever medical or other evidence he wishes" to submit. See Exhibit 2, attached.

---

[1] The case involved attorneys' fees under the Fair Labor Standards Act, rather than ERISA, however, the reasoning should apply to all requests for attorneys' fees.

[2] Defendant did not file its motion for attorneys' fees earlier because it planned to wait until the Plan rendered a decision, and therefore, it was determined whether the Plan prevailed on all counts of the Complaint. Until the Plan renders a decision, it is not clear who the prevailing party is. Accordingly, Defendant submits that the time for requesting attorneys' fees pursuant to Local Rule 54.1 has not yet expired and, therefore, this Motion is timely (if not premature).

Defendant did not reply to Plaintiff's offer. In December, 2005, Plaintiff's attorney requested a settlement conference. Defendant's attorney reasserted its offer in a letter dated December 12, 2005. See Exhibit 3. The letter also provided, "My assessment of this case is that the Fund has offered [Plaintiff] the relief to which [he] would likely be entitled it [he] prevails, but you seek additional relief to which your client is not entitled. Not only does this expose your client to liability for the Funds' attorneys' fees, but you risk final judgment denying that relief."

Plaintiff refused to accept the settlement offer and, instead, needlessly prolonged the litigation by filing a Motion for Summary Judgment *seeking the exact relief the Defendant had offered to Plaintiff over a year before.* Thus, not only did Plaintiff accrue unnecessary legal fees, he caused Defendant to accrue unnecessary legal fees. Accordingly, Defendant seeks its legal fees to deter similarly situated individuals from needless prosecution of claim. It appears that the only reason Plaintiff (through his attorneys) continued to prosecute his claim after the Fund's offer of settlement was to put money in his attorneys' pockets.

**III. DEFENDANT'S ATTORNEYS' FEES AND COSTS ARE REASONABLE**

Defendant accrued legal fees and costs in the amount of $ 21,005.55 defending Plaintiff's claim for benefits, which was denied by the Court. Defendant expended attorneys' fees and costs in the amount of $20,593.05 defending Plaintiff's claim *after* Defendant offered Plaintiff a reasonable settlement. The services and time expended reasonably and accurately reflect the firm's activity in connection with this litigation since June 5, 2005. See Exhibits 4, 5, 6 and 7. The Motion for attorneys' fees does not include the time expended in preparing this Objection and Motion. The expenses

recorded were actually and necessarily incurred and paid by Gursky Law Associates, and are subject to reimbursement from the Rhode Island Carpenters Pension Plan.

**IV. CONCLUSION**

For all of the foregoing reasons, Defendant requests that this Court deny Plaintiff's Motion for Attorneys' fees and grant Defendant's Motion for Attorneys' fees or, in the alternative, Defendant requests that the Motions be held in abeyance until the Fund has reviewed and made a decision regarding Plaintiff's pension application.

Rhode Island Carpenters
Pension Fund
By their attorneys,

/s/ Elizabeth Wiens
Elizabeth Wiens, Esq.
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax (401)294-4702

CERTIFICATION

I hereby certify that I electronically filed the within Objection on October 10, 2006. The Objection is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the individual below has been effectuated by electronic means.

Catherine A. Shaghalian
VETTER & WHITE
20 Washington Place
Providence, RI 02903

/s/ Elizabeth Wiens