# EXHIBIT 1

72-018-06

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC.

WORKERS' COMPENSATION COURT
APPELLATE DIVISION

TAMMY THIBEAULT )
)
VS. ) W.C.C. 00-03707
)
COMPREHENSIVE COMMUNITY )
ACTION, INC.

DECISION OF THE APPELLATE DIVISION

OLSSON, J. This matter is before the Appellate Division on the petitioner/employee's appeal from the decision and decree of the trial judge in which he declined to award a counsel fee on the grounds that the insurer had executed a Mutual Agreement providing for the payment of specific compensation for loss of use in the amount demanded by the employee. After carefully reviewing the record in this matter and considering the arguments of the parties, we deny and dismiss the appeal and affirm the decision and decree of the trial judge.

The parties submitted the following stipulation of facts with attached documents as the only evidence in the trial.

"1. The employee suffered an injury arising out of and in the course of her employment on July 25, 1995.

"2. The nature and location of the injury is a complete ACL tear of the right knee.

"3. The employee was totally incapacitated from September 30, 1997 to October 15, 1997 and partially incapacitated from October 16, 1997 to November 1, 1999.

8

"4. The employee was paid benefits for total incapacity from September 30, 1997 to October 15, 1997 and partial incapacity from October 16, 1997 to November 1, 1999 pursuant to an amended decree entered in W.C.C. No. 98-01623 on February 9, 1999, attached hereto as Exhibit A.

"5. Benefits were terminated pursuant to a suspension agreement dated November 17, 1999.

"6. Maximum medical improvement has been reached.

"7. The employee's average weekly wage is Three Hundred Eleven Dollars and 53/100 ($311.53).

"8. The resulting loss of use to the right lower extremity is seven (7%) percent pursuant to the report of the treating physician, Michael Mariorenzi, M.D., dated April 25, 2000, attached hereto as Exhibit B.

"9. The employee, through counsel, submitted a twenty-one (21) day demand letter for payment of loss of use benefits to the insurance carrier dated May 16, 2000, a copy of which is attached hereto as Exhibit C.

"10. The employer, through its insurance carrier, Beacon Mutual Insurance Company, responded to the demand by forwarding a mutual agreement with a cover letter dated May 19, 2000, copies of which are attached hereto as Exhibit D, to employee's counsel.

"11. The employee, through counsel, sent a correspondence to the insurance carrier dated June 2, 2000 in response to the mutual agreement. A copy of that correspondence dated June 2, 2000 is attached hereto as Exhibit E.

"12. The employer, through its insurance carrier, Beacon Mutual Insurance Company, sent a check in the amount of $1,965.60 with a cover letter dated June 6, 2000 representing payment of the loss of use benefits pursuant to the opinion of the treating physician, Michael Mariorenzi, M.D. A copy of the letter dated June 6, 2000 is attached hereto as Exhibit F.

"13. The parties hereby stipulate that any reference by either party in either the attached correspondence and/or the mutual agreement to the left lower extremity was a

> typographical error. The parties stipulate that the only injury suffered by the employee was an injury to his right lower extremity. The parties agree that any reference to the left lower extremity should have been to the affected right lower extremity. The parties stipulate that in any reference to the left lower extremity, it was their intent to refer to the right lower extremity." (Jt. Exh. 1.)

In the May 16, 2000 correspondence, counsel for the employee requested specific compensation for a seven percent (7%) loss of use of the right lower extremity, as well as "a reasonable attorney's fee." The insurance carrier responded by sending a Mutual Agreement providing for the payment of One Thousand Nine Hundred Sixty-five and 60/100 ($1,965.60) for seven percent (7%) loss of use to the attorney and requesting that he secure the employee's signature on the document. In a letter dated June 2, 2000, counsel for the employee stated that he believed he was entitled to an attorney's fee and would not return the document with his client's signature until he was assured that the insurer would pay him a fee. The insurer, in a letter dated June 6, 2000, maintained its position that counsel was not entitled to a fee, and included a check in the amount requested for the loss of use.

The attorney then filed the present petition requesting specific compensation for loss of use of the right lower extremity. At the pretrial conference, the trial judge granted the petition and awarded the seven percent (7%) loss of use as requested. However, he declined to award a counsel fee on the grounds that the insurer had offered a Mutual Agreement agreeing to pay the specific compensation requested by the employee. The employee filed a claim for trial.

As noted above, the parties submitted a stipulation of facts and memoranda to the trial judge. In his bench decision, the trial judge denied the request for a counsel fee, citing the fact that the insurer had offered payment of the amount of specific compensation demanded by the employee prior to the filing of the petition. In that situation, the Workers' Compensation Act

does not provide for the payment of a counsel fee. He further concluded that he had no authority under R.I.G.L. § 28-35-32 to award a counsel fee under the circumstances presented by this case. The employee then filed this claim of appeal.

Our review of a decision made at the trial level is very narrow. Rhode Island General Laws § 28-35-28(b) provides that the findings of fact made by a trial judge are final unless the appellate division concludes that they are clearly erroneous. After reviewing the applicable law, we find that the trial judge was not clearly wrong in denying the request for a counsel fee in this situation.

The employee has filed three (3) reasons of appeal. In the first reason, the employee argues that the trial judge erred in not awarding specific compensation for loss of use and a counsel fee in his decree entered on January 19, 2001. She specifically cites the trial judge's comment that the parties executed a Mutual Agreement providing for the compensation requested. We beg to differ with the employee's characterization of the trial judge's comment. In two (2) places in his bench decision, the judge states that the insurer forwarded a Mutual Agreement to employee's counsel for her signature. *See* Tr. 4, 5. His order in the decree states that the issue is moot "as the result of the execution of the mutual agreement . . . ." Tr. 7. We are unable to find any reference by the trial judge to the parties executing the Mutual Agreement. His only statements were that the insurer had forwarded the document to employee's counsel, and the statement in the decree regarding the execution of the agreement simply refers to the act of the insurer issuing the document in compliance with the demand. The trial judge was certainly not operating under a misconception that the insurer and the employee had actually both signed the Mutual Agreement.

In her second reason of appeal, the employee contends that the trial judge erred in not

awarding specific compensation for loss of use and an attorney's fee because the attorney was compelled to file a petition when the insurer refused to compensate him for services rendered in securing the compensation provided for in the Mutual Agreement. Because the parties agreed that the employee is entitled to the payment of specific compensation, the attorney argues that he is entitled to a counsel fee pursuant to R.I.G.L. § 28-35-32. Although we agree that an attorney should be compensated fairly for services rendered to his client, we are unable to find any authority in the Workers' Compensation Act for this court to award a counsel fee under the circumstances of this case.

Section 28-35-32 of the Rhode Island General Laws provides for the award of counsel fees by this court as follows:

> "In proceedings under this chapter, and in proceeding under chapter 37 of this title, costs shall be awarded, including counsel fees and fees for medical and other expert witnesses including interpreters, to employees who successfully prosecute petitions for compensation, . . . . These costs shall be assessed against the employer by a single judge, by an appellate panel and by the supreme court on appeal consistent with the services rendered before each tribunal. . . . "

The statute authorizes the court to award counsel fees for services rendered before the court during the course of the prosecution of a petition. It does not empower the court to award a counsel fee when the dispute between the employer and the employee has been resolved outside of the boundaries of the courtroom. In Peloquin v. ITT Gen. Controls, Inc., 104 R.I. 257, 243 A.2d 754 (1968), the Rhode Island Supreme Court addressed this issue involving very similar circumstances. In Peloquin, the employer had forwarded to the employee a preliminary agreement all of the compensation benefits to which he was entitled based upon the findings of a prior court decree. The employee modified the agreement to include an injury which the court had previously determined was not work-related. When the insurer refused to execute the

modified agreement, the employee filed a petition seeking the offered benefits as well as additional benefits pertaining to the other injury which the court had previously concluded was not work-related. The court awarded only the benefits which had been offered by the employer in the preliminary agreement and declined to award a counsel fee or costs. The Rhode Island Supreme Court affirmed that decision, stating that the employee had not successfully prosecuted his petition within the intended meaning of that phrase in § 28-35-32 because he was awarded only that which the employer had offered prior to the filing of the petition. Id. at 265, 243 A.2d at 758.

In the present matter, the petition was not filed in order to obtain compensation benefits for the employee; the petition was filed to obtain compensation for the attorney. The insurer had already offered to pay the precise amount of compensation benefits requested by the employee. The trial judge correctly stated that the petition was not necessary to secure the benefits for the employee. Following the reasoning of the Rhode Island Supreme Court in Peloquin, we find that the employee in this matter is not entitled to the award of a counsel fee under the terms of R.I.G.L. § 28-35-32.

In the third and final reason of appeal, the employee argues that her attorney should be awarded a counsel fee because the insurer offered the mutual agreement only after a demand letter was sent to the company by her attorney. She attempts to equate a mutual agreement with a consent decree filed with the court in a contested case. We find no merit in this contention.

Section 28-35-12(a) of the Rhode Island General Laws provides, in pertinent part, as follows:

> "In all disputes between an employer and employee in regard to compensation or any other obligation established under chapters 29—38 of this title, . . . any person in interest or his or her duly authorized representative may file with the administrator of the

> workers' compensation court a petition . . . and shall state the matter in dispute . . . provided, however, that no petition shall be filed within twenty-one (21) days of the date of the injury and no petition regarding any other obligation established under chapters 29—38 of this title shall be filed until twenty-one (21) days after written demand for payment upon the employer or insurer . . . ." (Emphasis added.)

The requirement of notice or written demand to the insurer of the employee's claim and the mandatory waiting period of twenty-one (21) days is designed to allow sufficient time for precisely what occurred in this case. The insurer reviewed the demand, concluded it was reasonable, and forwarded the necessary paperwork to resolve the situation without turning to the court system. The services rendered by the attorney and the resolution of the "dispute" between the employee and the insurer all occurred outside of the boundaries of the courthouse. We can find no authority in the Workers' Compensation Act which permits this court to order the payment of a counsel fee in this situation.

The employee argues that the court can award a fee with regard to the execution of a mutual agreement in the same manner it awards a fee upon entry of a consent decree or a decree of any kind. Pursuant to R.I.G.L. § 28-35-6(b), upon execution by the parties and filing with the Department of Labor, a mutual agreement "shall be as binding upon both parties as a preliminary determination order or decree." This statute is silent as to the payment of a counsel fee when an issue is resolved by mutual agreement prior to the filing of a petition with the court. A consent decree is clearly distinguishable from a mutual agreement in that the consent decree is entered by the court after a petition has been filed presenting a dispute for resolution by the court. Once a dispute regarding any type of benefits or obligation of the insurer is before the court, the court has authority to award a counsel fee pursuant to R.I.G.L. § 28-35-32. However, the court has no involvement whatsoever with the execution or filing of a mutual agreement.

We would like to make clear that we are sympathetic to the attorney's dilemma in this situation. The provisions of the Workers' Compensation Act encourage the resolution of disputes without the involvement of the court, thereby easing the burden on our judicial system and avoiding costly litigation. Certainly no one involved in the workers' compensation system wishes to foster an environment where employees' attorneys feel compelled to litigate every dispute in court so that they can be compensated. We fully support the attorney's contention that he should be compensated for the services he has rendered to his client in obtaining the compensation to which she is entitled without the need for litigation. Unfortunately, we are powerless to compel the insurer to pay a counsel fee in this situation. We can only hope that the General Assembly will see fit to address what we perceive as a great injustice to those attorneys who are assisting injured workers in securing the benefits to which they are entitled.

Based upon the foregoing discussion, the employee's appeal is denied and dismissed and the decision and decree of the trial judge are affirmed. In accordance with Rule 2.20 of the Rules of Practice of the Workers' Compensation Court, a final decree, a copy of which is enclosed, shall be entered on **September 19, 2006 at 10:00 a.m.**

Healy, C. J. and Sowa, J. concur.

ENTER:

Healy, C.J.
Healy, C. J.

Olsson, J.
Olsson, J.

Sowa, J.