UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY M. SOUZA, Plaintiff | ) | |
| v. | ) | C.A. No. 05-186/S |
| RHODE ISLAND CARPENTERS' PENSION PLAN, Defendant | ) | |

**PLAINTIFF BARRY SOUZA'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION FOR ATTORNEY'S FEES AND OBJECTION TO DEFENDANT'S CROSS-MOTION FOR ATTORNEY'S FEES**

Plaintiff Barry Souza responds to defendant Rhode Island Carpenters' Pension Plan's objection to his motion attorney's fees and objects to the Plan's cross-motion for attorney's fees:

## I. Plaintiff's Motion Is Not Premature

Mr. Souza's motion for attorney's fees is not premature because he prevailed on a key issue – whether the Rhode Island Carpenters' Pension Plan (the "Plan") abused its discretion in denying Mr. Souza's claim based solely on the May 21, 2002 action.

Attorney's fees have been awarded under ERISA when a plaintiff has prevailed on a significant issue in litigation. See, e.g., Mizzell v. Provident Life & Accident Insurance, 32 Fed. Appx. 352 (9th Cir. 2002); White v. Jacobs Engineering Group Long Term Disability Benefit Plan, 896 F.2d 344 (9th Cir. 1990). ERISA plaintiffs should be entitled to a reasonable attorney's fee "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir. 1984). This is because an underlying purpose of ERISA is to protect the interests of

participants in employee benefit plans. Smith, 746 F.2d at 589. An important aspect of that protection is to afford them effective access to federal courts. Id. A "litigant may not be able to continue pursuing litigation unless attorney's fees are awarded whenever any relief is obtained." Kayes v. Pacific Lumber Co., 51 F.3d 1449, 1469 (9th Cir. 1995).

Here, the Court granted summary judgment in favor of Mr. Souza because the Plan arbitrarily and capriciously relied on the May 21, 2002 Board action to deny Mr. Souza's disability pension claim. Report and Recommendation ("Rep & Rec."), p. 12. It concluded that the May 21, 2002 action was not a valid plan amendment. Id. It also found that the May 21, 2002 action contradicted the express terms of the Plan. Id.

The Board of Trustees of the Rhode Island Carpenters' Pension Fund (the "Board") relied exclusively on the May 21, 2002 action in denying Mr. Souza's claim. It refused to review Mr. Souza's claim on the merits. The only way Mr. Souza could get a full and fair review of his claim was to bring an action for benefits against the Plan on the ground that the May 21, 2002 action was improper. His complaint specifically alleges that the purported amendment was invalid. Complaint, ¶ 17. It also alleges that the Plan's decision to deny him benefits was incorrect and in violation of the Plan. Complaint, ¶ 21. Whether or not the May 21, 2002 action was a valid plan amendment was a pivotal issue in this litigation. Had the Plan prevailed on this issue, Mr. Souza would have been precluded from even the right to make an application for disability benefits. As a result of the Court's grant of summary judgment, Mr. Souza is now entitled to a full review of his claim.

**II. Mr. Souza Does Not Need To Show Bad Faith on the Part of the Plan**

Bad faith need not be shown in order to award a party attorney's fees under ERISA. See Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 225 (1st Cir. 1996);

Beauvais v. Citizens Financial Group, Inc. 418 F.Supp.2d 22, 33 (D.R.I. 2006). When a Court evaluates a petition for fees under ERISA, one of the factors it may consider is "the degree of culpability or bad faith attributable to the losing party." Cottrill, 100 F.3d at 225; Beauvais, 418 F. Supp. at 33. Mr. Souza needs only to show that the Plan is "culpable" for having unreasonably denied his claim. Beauvais at 33. The Report and Recommendation, as adopted by the Court, expressly holds that the Plan's denial of Mr. Souza's claim was arbitrary and capricious and was, therefore, unreasonable.

Moreover, the conduct of the Plan over the course of this litigation weighs in favor of awarding attorney's fees to Mr. Souza. The Plan repeatedly alleged – without factual support – that Mr. Souza failed to pay social security taxes on his income. It flip-flopped on whether the May 21, 2002 action was a plan amendment or simply an "interpretation" of the Plan. It was not until the June 14, 2006 summary judgment hearing that the Plan settled on the position that the May 21, 2002 action was "absolutely" an amendment.

The Plan time and again relied on evidence outside of the administrative record despite clear First Circuit case law that such evidence is not generally admissible in an ERISA case.[1] See Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 519 (1st Cir. 2005). Mr. Souza had to combat these efforts with a motion for protective order and a motion to strike.

Mr. Souza also had to address the Plan's unsupported defenses in response to his motion for summary judgment – defenses that the Court ultimately rejected outright. The Plan's assertion that Mr. Souza had no standing to bring his claim was "unconvincing." Rep. & Rec., p. 7. The Plan also contended that Mr. Souza could have obtained a social security disability determination despite not having enough credits to be eligible for social security disability

[1] The Plan did not even bother to argue that exceptional circumstances existed to warrant the admission of such evidence. Orndorf, 404 F.3d at 520.

benefits. The Court dismissed this as a "speculative assertion" unsupported by any legal authority. Rep & Rec., p. 8. It also refused to consider any of the post hac justifications the Plan offered in support of its decision to deny Mr. Souza's claim.[2]

**III. Mr. Souza Achieved Relief Different From That Offered By The Plan in Settlement Negotiations**

The Plan disingenuously contends that the relief obtained by Mr. Souza via summary judgment is the exact same relief offered by the Plan during settlement negotiations. The Plan offered to waive the May 21, 2002 action and consider Mr. Souza's claim on the merits, but only if Mr. Souza agreed to dismiss his complaint *with prejudice*. The Court has not dismissed Mr. Souza's claims with prejudice. On the contrary, the Court has remanded the case back to the Rhode Island Carpenters' Pension Fund for a full review of Mr. Souza's claim for disability pension benefits on the merits. The relief Mr. Souza achieved was a remand, not a dismissal of his claims with prejudice.

**IV. Mr. Souza Should Not Be Punished for Rejecting The Plan's Settlement Offer**

Contrary to the Plan's assertions, Mr. Souza did respond to the Plan's settlement proposal. In a letter dated August 2, 2005, Mr. Souza offered to dismiss the claims without prejudice in exchange for a waiver of the May 21, 2002 action. Settlement negotiations between the parties ultimately stalled over the issue of how to dismiss Mr. Souza's claims.

Mr. Souza's rejection of the Plan's settlement offer was eminently reasonable. Because his claim for disability pension benefits was denied by the Plan, he brought suit for benefits under 29 U.S.C. § 1132(a)(1)(b). He alleged in his complaint that the Plan's decision to

---

[2] It is a fundamental principle of ERISA and Department of Labor regulations that a plan administrator may not rely on reasons for denying a claim in litigation that it did not rely on during the administrative review process. See 29 U.S.C.A. §1133; 29 C.F.R. §2560.503-1(g)

deny his disability pension benefit claim was incorrect and in violation of the Plan because it was based on an invalid plan amendment. Complaint, ¶¶ 17, 21. When beneficiaries seek to recover benefits from a plan covered by ERISA, their exclusive remedy is a claim for benefits under 29 U.S.C. § 1132(a)(1)(B). See Hansen v. Continental Ins. Co., 940 F.2d 971, 979 (5th Cir. 1991). A claim for benefits under § 1132(a)(1)(B) was the only cause of action Mr. Souza could bring in order to challenge the Plan's May 21, 2002 action and the denial of his claim.

Had Mr. Souza accepted the Plan's settlement offer, his claims, including his claim for benefits under § 1132(a)(1)(B), would have been dismissed with prejudice. "A dismissal with prejudice *operates as a full adjudication on the merits which precludes subsequent action on a dismissed claim*. By contrast a dismissal without prejudice neither implicates the merits of the underlying action nor precludes a subsequent action based on the same claims." Cardi Corp. v. State of Rhode Island, 1991 WL 789906 *1 (R.I. Super. 1991) [emphasis added]. In other words, a dismissal with prejudice constitutes a final judgment on the merits. DiPinto v. Sperling 9 F.3d 2, 4 (1st Cir. 1993), citing School Comm. of North Providence v. North Providence Federation of Teachers, 404 A.2d 493, 495 (R.I. 1979).

Mr. Souza has the right to seek review of the Plan's decision on his claim after a full administrative review by the Plan. See 29 U.S.C. § 1132(a). Acceptance of the Plan's settlement offer, however, would have jeopardized Mr. Souza's right to that appeal. A voluntary dismissal with prejudice will be accorded preclusive effect in subsequent proceedings if three requirements are met: (1) the parties are the same or in privity with the parties of the previous proceeding; (2) there is an identity of issues in both proceedings; and (3) a valid final judgment on the merits has been entered in the previous proceeding. Lennon v. Dacomed Corp., 901 A.2d 582, 591-92 (R.I. 2006). A dismissal with prejudice is a valid final judgment on the merits for

res judicata purposes. Id. A dismissal with prejudice of Mr. Souza's original § 1132(a)(1)(b) claim would have had preclusive effect on a subsequent appeal of the Plan's decision – the parties and claim would be the same and the dismissal with prejudice would operate as a final judgment on the merits.

Mr. Souza offered to dismiss his claims without prejudice. The Plan rejected this offer because it contended that only a dismissal with prejudice would prevent other participants from challenging the May 21, 2002 action in the future. The Plan now contends that Mr. Souza's situation is "rare" and that other participants do not stand to benefit from his success. The Plan cannot take one position for the purposes of settlement negotiations and then take a completely inconsistent position in litigation. If the Plan risked challenges to the May 21, 2002 action by agreeing to a dismissal without prejudice, then it cannot argue now that other participants do not stand to benefit from Mr. Souza's successful challenge of that action.

**V. The Plan Is Not Entitled To an Award of Attorney's Fees**

The Plan's motion for attorney's fees must be denied because it is untimely, Mr. Souza's claim was not made in bad faith, and the Cottrill factors weigh against an award of fees to the Plan.

Local Rule 54.1 provides that "a party seeking an award of attorneys' fees that are not an element of damages to be proven at trial shall serve and file a motion for attorneys' fees not later than 14 days after entry of judgment." Moreover, the failure to file a motion within that time shall be deemed a waiver of any claim for attorney's fees. L.R.Cv. 54.1. The Court entered judgment in favor of Mr. Souza on September 7, 2006. The Plan had to file its motion for attorney's fees on or before September 21, 2006. It did not file its motion until October 10,

2006. The Court should deem the Plan's failure to timely file its motion for attorney's fees a waiver of any such claim.

Because the Plan did not prevail on any issue in this litigation, it cannot seriously contend that it "successfully defended" Mr. Souza's claims. With respect to Mr. Souza's claim for benefits under § 1132(a)(1)(b), the Court concluded: "Here, since the May 21, 2002 action was not a proper amendment to the Plan and it contradicts the plain language of the Plan, the Plan acted arbitrarily and capriciously when it applied the May 21, 2002 action to deny Plaintiff's disability pension application." Rep & Rec., p. 12. In two key respects the Court found that the Plan was unreasonable – in the May 21, 2002 action without following the Plan's and ERISA's formal amendment procedures and in using the May 21, 2002 action to deny Mr. Souza's claim. The Plan did not successfully defend the claim simply because the Court did not award benefits.

Moreover, Mr. Souza's summary judgment motion sought a determination on the validity of the May 21, 2002 action and whether the Plan acted unreasonably in denying Mr. Souza's claim based on that action. The Court has not ruled on plaintiff's claim for statutory damages for failure to supply requested information.

The Cottrill factors weigh against a fee award to the Plan.[3] As explained in Part IV, Mr. Souza rejected the Plan's settlement offer in good faith. There is no evidence of culpability or bad faith on his part. Mr. Souza is in no position to pay the Plan's attorney's fees. His financial situation is precarious given that he is out of work and he has incurred significant expense trying to get a full and fair review of his claim.

---

[3] Defendant does not even analyze the Cottrill factors in its motion. The factors that a court may consider in deciding whether to award attorney's fees and costs are: "(1) the degree of culpability or bad faith attributable to the losing party; (2) the depth of the losing party's pocket; (3) the extent (if at all) to which such an award would deter other persons acting under similar circumstances; (4) the benefit (if any) that the successful suit confers on plan participants or beneficiaries generally; and (5) the relative merit of the parties' positions." Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 225 (1st Cir. 1996).

A fee award to the Plan would deter other beneficiaries from challenging incorrect benefit denials. It would also reward the Plan for improperly amending the Plan. Because the Plan has not prevailed in any respect in this litigation, it should not be awarded attorney's fees.

**VI. Conclusion**

For the foregoing reasons, plaintiff Barry Souza requests that the Court award him reasonable attorney's fees and costs and deny the Rhode Island Carpenters' Pension Plan's cross-motion for attorney's fees.

/s/ Catherine A. Shaghalian
Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: October 25, 2006

CERTIFICATE OF SERVICE

To:

Marc B. Gursky, Esq.
Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road – Suite C
North Kingstown, RI 02852

I hereby certify that I electronically filed the within memorandum on October 25, 2006. The memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record has been effectuated by electronic means.

/s/Catherine A. Shaghalian