UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY M. SOUZA | : | |
| | : | |
| v. | : | C.A. No. 05-186S |
| | : | |
| RHODE ISLAND CARPENTERS' PENSION PLAN | : | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Barry Souza's Motion for Attorneys' Fees (Document No. 40) and Defendant Rhode Island Carpenters' Pension Plan's (the "Plan") Objection and Cross-Motion for Attorneys' Fees. (Document No. 41). The Motions have been referred to the Court for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). A hearing was held on November 6, 2006. For the reasons set forth below, Plaintiff's Motion is GRANTED, and Defendant's Motion is DENIED.

**Facts**

Plaintiff brought this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(b), seeking an award of disability pension benefits under the Plan. Plaintiff's application for a disability pension was denied by the Plan on the basis that an award of benefits requires a determination of total and permanent disability from the Social Security Administration. Plaintiff was ineligible for Social Security benefits, and therefore was denied disability pension benefits.

Plaintiff filed a Motion for Summary Judgment seeking remand to the Plan for a full review of the pension benefit claim. One of the primary issues litigated regarding the Motion for Summary

Judgment was whether the Plan's requirement that Plaintiff obtain a determination from Social Security was a valid Plan amendment. After a thorough review, I found that the procedure through which the Plan was purportedly amended was invalid, and I recommended that the Motion for Summary Judgment be granted. See Document No. 32. Judge Smith adopted the Report and Recommendation over objection and entered judgment in favor of Plaintiff on September 7, 2006. Plaintiff filed his timely Motion for Attorneys' Fees on September 21, 2006. LR Cv 54.1(a). Defendant's Objection and Cross-Motion was filed on October 10, 2006.

**Discussion**

ERISA provides that in "any action...by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The standard for awarding attorneys' fees in an ERISA case was recently analyzed by this Court in Beauvais v. Citizens Fin. Group, Inc., 418 F. Supp. 2d 22 (D.R.I. 2006). The standard requires that the Court consider, "(1) the degree of culpability or bad faith attributable to the losing party; (2) the depth of the losing party's pocket, i.e., his or her capacity to pay an award; (3) the extent (if at all) to which such an award would deter other persons acting under similar circumstances; (4) the benefit (if any) that the successful suit confers on plan participants or beneficiaries generally; and (5) the relative merit of the parties' positions." Id. at 33. See also Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 225 (1st Cir. 1996).

In analyzing the first two factors in the five-part test, the Beauvais court noted that although the Defendants, "may not have acted in bad faith, they are culpable for unreasonably having denied [Plaintiff's] claim and they easily can afford to pay her the lost benefits." Beauvais, 418 F. Supp.

2d at 33. The same reasoning applies to the Plan's conduct in this case. In this case, while there is no evidence of bad faith on Defendant's part, the Court did find that the Plan's May 21, 2002 action was an invalid Plan amendment. Thus, the Plan is culpable for having denied Plaintiff's claim on that basis. Moreover, although the Plan's ability to pay is not sufficient on its own to warrant an award of attorneys' fees, the fact that the Plan can afford to pay Plaintiff's fees, in conjunction with the other factors, supports a fee award.

Turning to the third and fourth factors, Plaintiff presented compelling arguments that an award of attorneys' fees would both deter the Plan from deviating from the formal amendment process in the future and would encourage Plan participants to exercise their rights under ERISA. Plaintiff noted, for example, that Plan participants should be able to determine their rights and obligations based upon existing Plan documents, as formally amended, and not by reference to an informally-adopted resolution. The Court agrees with Plaintiff that the these are valid reasons for awarding a fee consistent with the five-factor Beauvais test.

The final factor requires that the Court consider the relative merits of the parties' positions. Plaintiff is clearly the prevailing party. Plaintiff's primary claim in his Complaint was that the May 21, 2002 resolution was not a valid Plan amendment. The Court agreed with Plaintiff on that issue. Moreover, even though the Plaintiff sought an award of benefits in his Complaint, his fundamental argument was that "[t]he purported amendment to the Plan is non-existent or invalid." Compl., ¶ 17. Finally, Plaintiff's Motion for Summary Judgment only sought remand to the Plan, and Plaintiff prevailed on that point.

The Plan, in turn, argues that Plaintiff did not prevail because he only obtained a remand and not an award of benefits, and that Plaintiff should be precluded from obtaining fees because of his refusal to settle on reasonable terms. See Document No. 41 at pp. 5-8. The Plan contends that "[Plaintiff] declined the offer and proceeded to spend tens of thousands of dollars to achieve the same result he could have obtained had he accepted Defendant's offer." Id. This argument is unconvincing because the settlement offered by the Plan included a requirement that Plaintiff dismiss his case with prejudice as a condition of the Plan's offer to review Plaintiff's application on the merits. Plaintiff rejected the offer on the basis of reasonable concerns regarding the res judicata effects of such an agreement if the Plan later denied Plaintiff's application on the merits and he thereafter sought a "second" review under ERISA.

Moreover, the Plan's offer to settle did not include any proposal to rescind the May 21, 2002 resolution which this Court ultimately found to be an invalid Plan amendment and in direct contradiction to the Plan's terms. If Plaintiff had opted to accept the Plan's offer, that resolution would have remained in effect and could have applied in the future to the detriment of other Plan beneficiaries. Thus, the Plan has no basis on which to claim it is a prevailing party. For all of these reasons, the Plan's Motion for Attorneys' Fees fails on the merits. Moreover, the Court notes that the Plan's Motion was untimely pursuant to LR Cv 54.1(a), since it was not filed within fourteen days after entry of judgment in this case.

Having determined that the Plan should be required to pay Plaintiff's attorneys' fees, the only remaining issue is the reasonableness of the fees requested by Plaintiff. In his Motion, the total fees requested by Plaintiff are $43,150.25 plus $2,289.85 in costs. Plaintiff included Affidavits and

exhibits from his attorneys which list the hourly rates charged and describe the work performed. The Plan's primary objection to the fees is that most of the fees were unnecessarily incurred because the case could have been resolved at an early stage by settlement. As previously discussed, this argument is unavailing. The Plan also objects to Plaintiff's failure to itemize the charges for copying ($569.25), long distance facsimile ($14.70) and on-line research ($1,181.38). While it is true that these costs are not broken down on a per-copy, per-fax or per-research query basis, Plaintiff's attorneys both certify that the requested expenses "were actually and necessarily incurred and paid by Vetter & White, and are subject to reimbursement from [Plaintiff]." See Aff. of Shaghalian, ¶ 4; and Aff. of Magratten, ¶ 4.

Plaintiff also, as required by LR Cv 54.1(b)(2), submitted an Affidavit from a disinterested attorney, J. Scott Kilpatrick, who practices in the field of ERISA litigation. He opines that the legal time spent and costs charged in this case are reasonable "given the complexity of issues and the contested nature of the proceedings, pleading and motion practice." Aff. of Kilpatrick, ¶ 9. Moreover, the Plan does not specifically contend that the hourly rates charged or the services performed were unreasonable. The Court has reviewed the exhibits submitted by Plaintiff in support of the request for fees, and, in view of the scope of the services provided in this litigation, finds Plaintiff's fee and cost request to be reasonable.

**Conclusion**

For the reasons discussed above, Plaintiff's Motion (Document No.40) is GRANTED and Defendant's Cross-Motion is DENIED. (Document No. 41). The Plan shall make payment to

Plaintiff for his attorneys' fees ($43,150.25) and costs ($2,289.85) incurred in this action. Payment shall be made within sixty days of the date of this Order.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 8, 2006