**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

BARRY M. SOUZA, *Plaintiff*,

v. C.A. No. 05-186S

RHODE ISLAND CARPENTERS PENSION PLAN, *Defendant*.

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS NOTICE OF APPEAL**

Defendant Rhode Island Carpenters Pension Plan hereby submits this supplemental memorandum of law in support of its notice of appeal. For the reasons set forth below, as well as the reasons set forth in Defendant's Objection to Plaintiff's Motion for Attorneys' Fees, attached to Defendant's Notice of Appeal, Magistrate Judge Lincoln Almond's Order awarding Plaintiff's Motion for Attorney's Fees should be set aside.

## I. PLAINTIFF WAS NOT THE PREVAILING PARTY

Plaintiff filed the instant case seeking an award of disability pension benefits under the Rhode Island Carpenters' Pension Plan. See Document No. 1 at ¶ 22. He also sought damages at a rate of $100 a day pursuant to 29 U.S.C. § 1132(C)(b). See id. at ¶ 26. Contrary to Magistrate Judge Almond's decision, Plaintiff did not seek a declaration from this Court that the Plan contained an invalid amendment. See Document 45 at p. 3. Indeed, Plaintiff did not have standing to request a declaration that the amendment was invalid. Plaintiff's only cause of action pursuant to 29 U.S.C. § 1132 was one for benefits. Accordingly, the Magistrate Judge's conclusion that Plaintiff's "primary claim

in his Complaint was that the May 21, 2002 resolution was not a valid Plan amendment" is not supported by the evidence.

Plaintiff did not prevail on either of his claims. He was not awarded disability benefits and he was not awarded damages pursuant to 29 U.S.C. § 1132(C)(b). Even if it was necessary for Plaintiff to prove that the May 21, 2002 amendment was invalid as a component of his claim for a disability pension, he did not "prevail" merely because he proved a component of his claim. Only a prevailing party is entitled to consideration for attorneys' fees in an ERISA action. See Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 225 (1st Cir. 1996); see also Martin v. Blue Cross & Blue Shield, 115 F.3d 1201, 1210 (4th Cir. 1997).

Moreover, Plaintiff did not prevail by obtaining a remand. See Ravesloot v. Administrative Committee of Baxter International, 2004 U.S. Dist. LEXIS 11572, 33 Employee Benefits Cas. (BNA) 1898 (N.D.Ill. 2004)(Participant "has secured only a remand and the record does not suggest that [Defendant] denied benefits in bad faith." Accordingly, the request for fees is denied). See also Carugati v. Long Term Disability Plan, 2002 U.S. Dist. LEXIS 4774 (N.D. Ill. 2002) (when court remanded to the plan administrator, the plaintiff was not the prevailing party and thus her request for attorneys' fees was premature).

Because Plaintiff is not a prevailing party, he is not, as a matter of law, entitled to reimbursement of his attorneys' fees.

## II. PLAINTIFF'S ATTORNEYS' FEES WERE NOT REASONABLY OR NECESSARILY INCURRED

The undisputed evidence proves that Plaintiff received the same relief from this Court that Defendant offered him eighteen months ago. Defendant offered to review

Plaintiff's application regardless of Plaintiff's failure to obtain a finding of disability by the Social Security Administration. This is the same relief that Plaintiff sought, and received, from the remand in this case. The Magistrate Judge's reliance on Defendant's requirement that the case be dismissed "with prejudice" is misplaced.

Defendant's offer of settlement required that Plaintiff dismiss the instant action with prejudice, as do nearly all, (if not all), offers of settlement. The Magistrate Judge relies upon this fact in awarding fees to Plaintiff. "Plaintiff rejected the [settlement] offer on the basis of reasonable concerns regarding the res judicata effects of such an agreement if the Plan later denied Plaintiff's application on the merits and he thereafter sought a 'second' review under ERISA." See Document 45 at p.4. However, there is no legal support for the contention that Plaintiff would be estopped from appealing a second denial. Dismissal of the action with prejudice signifies only that Plaintiff could not thereafter bring a civil action based upon the Plan's October 19, 2004 denial of benefits. There was nothing to stop him from bringing a suit to enforce the settlement agreement if the Plan thereafter failed to conduct the agreed-upon second review. Furthermore, if he was again denied benefits, he could bring suit based upon that second denial.

The judgment in this case afforded Plaintiff no greater relief than the settlement would have. Just as the settlement would have barred a second suit based on the first denial, the judgment in this case bars Plaintiff from filing a second lawsuit based on the first denial. Another lawsuit would be redundant and thus prohibited by res judicata. Instead, Plaintiff can take action to enforce the judgment, just as he could have taken action to enforce the settlement agreement.

Moreover, even if Plaintiff believed that a dismissal with prejudice would prevent him from appealing a second denial, it is undisputed that Defendant offered to put language in the settlement agreement that would expressly address Plaintiff's concern. See Exhibit 3 attached to Defendant's Objection to Plaintiff's Motion for Attorneys' Fees.

Because there is no legal support for Plaintiff's contention, as aforesaid, there was no basis for him to continue to accrue (and cause Defendant to accrue) attorneys' fees to obtain the same result he would have obtained by accepting Defendant's settlement offer. Moreover, because Defendant's position not only lacked legal support but was unreasonable given Attorney Gursky's assurances, in writing, that Plaintiff could obtain review of any further denial, the fees were not reasonably expended. Thus, attorneys' fees accrued subsequent to Defendant's July 26, 2005 offer were not only unnecessarily but unreasonably expended and should, therefore, be denied.

## III. CONCLUSION

Given that 1) Plaintiff was not a prevailing party in this litigation and 2) his legal fees were unnecessarily and unreasonably accrued, Plaintiff's Motion for Attorneys' Fees should have been denied. Because the Magistrate Judge's decision was contrary to law and inequitable (given the tens of thousands of dollars of attorneys' fees that Plaintiff unnecessarily caused Defendant to accrue), it should be set aside.

Rhode Island Carpenters
Pension Fund
By their attorneys,

/s/ Elizabeth Wiens
Elizabeth Wiens, Esq.
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax (401)294-4702

CERTIFICATION

I hereby certify that I electronically filed the within Memorandum on January 12, 2007. The Memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the individual below has been effectuated by electronic means.

Catherine A. Shaghalian
VETTER & WHITE
20 Washington Place
Providence, RI 02903

/s/ Elizabeth Wiens