UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY M. SOUZA, Plaintiff | ) | |
| v. | ) | C.A. No. 05-186/S |
| RHODE ISLAND CARPENTERS' PENSION PLAN, Defendant | ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S NOTICE OF APPEAL**

Plaintiff Barry Souza submits this supplemental memorandum in support of his response in opposition to defendant Rhode Island Carpenters' Pension Plan's notice of appeal of Magistrate Judge Almond's December 8, 2006 memorandum and order granting Mr. Souza's motion for attorney's fees.

## I. Standard of Review

A district judge shall modify or set aside any portion of a magistrate judge's order on a nondispositive motion found to be clearly erroneous or contrary to law. F.R.C.P. 72; L.R.Civ.P 72. The issue of attorney fees and costs is a nondispositive matter pursuant to F.R.C.P. 72(a). Laborers Pension Trust Fund Detroit & Vicinity v. Waller, 2005 WL 1363920, *1 (E.D. Mich. 2005). Because the Court's decision was neither clearly erroneous nor contrary to law, it should be affirmed.

## II. The Court Correctly Determined That Plaintiff Is a Prevailing Party

The Rhode Island Carpenters' Pension Plan (the "Plan") challenges the Court's finding that Mr. Souza is a prevailing party. It contends that Mr. Souza is not a

prevailing party because he did not prevail on any of his claims. The Court's conclusion, however, is amply supported. Attorney's fees have been awarded under ERISA when a plaintiff has prevailed on a significant *issue* in litigation. See, e.g., Mizzell v. Provident Life & Accident Insurance, 32 Fed. Appx. 352 (9th Cir. 2002); White v. Jacobs Engineering Group Long Term Disability Benefit Plan, 896 F.2d 344 (9th Cir. 1990) [emphasis added]. The standard is not whether Mr. Souza has succeeded on one or more of his claims; it is whether he succeeded on "any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir. 1984).

Mr. Souza brought suit because the Plan denied his disability pension benefit claim based exclusively on a purported May 21, 2002 amendment to the Plan ("May 21, 2002 action") that required Mr. Souza to obtain a Social Security disability determination in order to be eligible for a disability pension. Mr. Souza's primary contention has always been that the Plan's decision to deny his benefit claim was incorrect and in violation of the terms of the Plan because it was based on an invalid Plan amendment. The Court correctly noted that "even though the Plaintiff sought an award of benefits in his Complaint, his fundamental argument was that the 'purported amendment to the Plan is non-existent or invalid.'" Memorandum and Order, p. 3.

On summary judgment, the Court found that the Plan's May 21, 2002 action was an invalid Plan amendment and "contradicts the terms of the Plan." Report & Recommendation, p. 10. As a result, "the Plan acted arbitrarily and capriciously when it applied the May 21, 2002 action to deny Plaintiff's disability pension." Id. at p. 12. Had Mr. Souza not prevailed on this issue, he would have been precluded from even the right

to make an application for disability benefits. Because Mr. Souza prevailed on this significant issue, he is "clearly the prevailing party." Memorandum and Order, p. 3.

The Plan further contends that Mr. Souza is not a prevailing party because he only obtained a remand. Attorney's fees have been awarded under ERISA, however, when a plaintiff has achieved a remand of his claim for further administrative review. See, e.g., Mizzell v. Provident Life & Accident Insurance, 32 Fed. Appx. 352 (9th Cir. 2002); White v. Jacobs Engineering Group Long Term Disability Benefit Plan, 896 F.2d 344 (9th Cir. 1990). An underlying purpose of ERISA is to protect the interests of participants in employee benefit plans, which includes giving participants access to the federal courts. Smith, 746 F.2d at 589. A "litigant may not be able to continue pursuing litigation unless attorney's fees are awarded whenever any relief is obtained." Kayes v. Pacific Lumber Co., 51 F.3d 1449, 1469 (9th Cir. 1995).

### III. Mr. Souza's Attorney's Fees Were Reasonably and Necessarily Incurred

The Plan asserts that Mr. Souza's attorney's fees were not reasonably and necessarily incurred because he has purportedly obtained the same relief on summary judgment that the Plan offered to him in settlement negotiations. The Court properly rejected this argument as "unconvincing." Memorandum and Order, p. 4. The Plan offered to waive the May 21, 2002 action and consider Mr. Souza's claim on the merits only if Mr. Souza agreed to dismiss his complaint *with prejudice*. The Court, however, has not dismissed Mr. Souza's claims with prejudice. On the contrary, it has remanded the case back to the Rhode Island Carpenters' Pension Fund for a full review of Mr.

Souza's claim for disability pension benefits on the merits. A remand and a dismissal with prejudice are two entirely different dispositions of a claim.[1]

The Court did not err when it recognized the potential res judicata effects of a dismissal with prejudice on Mr. Souza's appeal rights under ERISA. The Plan contends that a dismissal with prejudice would have not have jeopardized Mr. Souza's appeal rights because any subsequent appeal by Mr. Souza would be from a second denial of benefits. Only an appeal of the first denial would be precluded. The Plan cites no law in support of this proposition.

"A dismissal with prejudice operates as a full adjudication on the merits which precludes subsequent action on a dismissed *claim*." Cardi Corp. v. State of Rhode Island, 1991 WL 789906 *1 (R.I. Super. 1991) [emphasis added]. The key factor for res judicata purposes is not, as the Plan contends, whether Mr. Souza appeals the same denial of his claim. The question is whether he would assert the same *claim* on a subsequent appeal. Mr. Souza can only bring another claim for benefits under 29 U.S.C. §1132(a)(1)(b) in order to appeal the Plan's decision after its second review of his claim. See Hansen v. Continental Ins. Co., 940 F.2d 971, 979 (5th Cir. 1991). If Mr. Souza's first 1132(a)(1)(b) claim were dismissed with prejudice, it would preclude a subsequent appeal of the Plan's decision – the parties and claim would be the same and the dismissal with prejudice would operate as a final judgment on the merits. Lennon v. Dacomed Corp., 901 A.2d 582, 591-92 (R.I. 2006).[2]

---

[1] A remand is the "act or an instance of sending something (such as a case, claim or person) back for further action." BLACK'S LAW DICTIONARY (8th Ed. 2004). A dismissal with prejudice is a "dismissal . . . barring the plaintiff from prosecuting any later lawsuit on the same claim." Id.

[2] The Court also pointed out that the Plan's settlement offer did not include any proposal to rescind the May 21, 2002 action. If Mr. Souza had accepted the Plan's offer, the May 21, 2002 action would have remained in effect to the detriment of other Plan beneficiaries. Memorandum and Order, p. 4.

Because the Plan's settlement offer could have precluded Mr. Souza's appeal of the Plan's decision after a full review of his claim, he was certainly justified in rejecting that offer. The Court did not err in finding that Mr. Souza's rejection of the offer was reasonable.

## CONCLUSION

For the foregoing reasons, plaintiff Barry Souza requests that the Court affirm Magistrate Judge Almond's Memorandum and Order awarding him attorney's fees.

/s/ Catherine A. Shaghalian
Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: January 22, 2007

CERTIFICATE OF SERVICE

To:

Marc B. Gursky, Esq.
Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road – Suite C
North Kingstown, RI 02852

I hereby certify that I electronically filed the within memorandum on January 22, 2007. The memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record has been effectuated by electronic means.

/s/Catherine A. Shaghalian