**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| BARRY M. SOUZA,<br>*Plaintiff,*<br><br>v.<br><br>RHODE ISLAND CARPENTERS<br>PENSION PLAN,<br>*Defendant.* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-186S |

**DEFENDANT'S OBJECTION TO**
**PLAINTIFF'S MOTION TO ADJUDGE IN CONTEMPT**
**AND MOTION FOR ATTORNEYS' FEES**

Defendant hereby objects to Plaintiff's Motion to Adjudge in Contempt and Motion for Attorneys' Fees for the reasons stated in its accompanying Memorandum of Law.

Rhode Island Carpenters
Pension Fund
By its attorney,

/s/ Elizabeth Wiens
Elizabeth Wiens, Esq.
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax (401)294-4702

CERTIFICATION

I hereby certify that I electronically filed the within Objection on May 3,2007. The Objection is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the individual below has been effectuated by electronic means.

Catherine A. Shaghalian
VETTER & WHITE
20 Washington Place
Providence, RI 02903

/s/ Elizabeth Wiens

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| BARRY M. SOUZA,<br>*Plaintiff,* | : | |
| v. | : | C.A. No. 05-186S |
| RHODE ISLAND CARPENTERS<br>PENSION PLAN,<br>*Defendant.* | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION TO ADJUDGE IN CONTEMPT AND MOTION FOR ATTORNEYS' FEES**

Defendant hereby objects to Plaintiff's Motion to Adjudge in Contempt and Motion for Attorneys' Fees for the reasons stated below.

## I. DEFENDANT DID NOT VIOLATE A COURT ORDER

Defendant did not violate an order of this Court. Contrary to Plaintiff's contention, the attorneys' fees check was due to Defendant on or about April 23, 2007. This Court's Order entered on February 20, 2007. Pursuant to the Court's Order, Defendant was required to submit payment to Plaintiff within sixty days of that Order. Sixty days from February 20 is April 22, a Sunday. Accordingly, payment was due on the next day, Monday, April 23, 3007.

That the sixty day time period began running on February 20, 2007, rather than February 15, 2007, as Plaintiff contends, is supported by an April 3, 2007 correspondence from Plaintiff's counsel to Defendant's counsel which provided, "[w]ith respect to Judge Smith's *February 20, 2007* order granting plaintiff Barry Souza's motion for attorney's fees, please have your client make the check payable to Vetter & White." (Emphasis added).

On April 17, 2007, the Trustees approved payment of attorneys' fees to Vetter and White at their bi-monthly meeting, the check was signed and mailed out as soon as administratively feasible following the meeting. The check should have been received by Vetter and White by April 23, 2007 at the latest. However, Plaintiff filed his Motion for Contempt on April 19, 2007, four days before the check was due.

Because payment to Plaintiff's attorneys was not late, or, at the very least, there is some ambiguity regarding the date when the sixty day period began to run, Plaintiff's Motion must be denied.

**II. PLAINTIFF IS NOT ENTITLED TO HIS ATTORNEYS' FEES**

In an ERISA case, a prevailing plaintiff does not, merely by prevailing, create a presumption that he or she is entitled to a fee-shifting award. Title "29 U.S.C. § 1132(g)(1) speaks in discretionary terms, and [] its legislative history, unlike that of certain civil rights statutes, does not support a presumption vis-a-vis counsel fees." *Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, 100 F.3d 220, 226 (1st Cir. 1996)

This discretion is not standardless. To channel its exercise, the First Circuit has cited five basic factors that customarily should be weighed in the balance: (1) the degree of culpability or bad faith attributable to the losing party; (2) the depth of the losing party's pocket, i.e., his or her capacity to pay an award; (3) the extent (if at all) to which such an award would deter other persons acting under similar circumstances; (4) the benefit (if any) that the successful suit confers on plan participants or beneficiaries generally; and (5) the relative merit of the parties' positions. *See id.* at 257-58. The circuits agree that such compendia are exemplary rather than exclusive. "In a word, the

test for granting or denying counsel fees in an ERISA case is 'flexible.'" *Cottrill*, 100 F.3d at 225 (1st Cir. 1996).

The First Circuit applies the aforementioned factors to the "defendant/appellant's conduct during the appeal rather than to the conduct that brought th[e] benefits dispute to court or to conduct before the trial court." *Cook v. Liberty Life Assurance Company of Boston*, 334 F.3d 122 (1st Cir. 2003). *See also Schwartz v. Gregori*, 160 F.ed 1116, 1120 (6th Cir. 1998) ("Where an appellee seeks attorney's fees and costs for services performed in connection with defending an appeal, we review whether the appellant pursued this appeal in bad faith and not whether the appellant's conduct which resulted in litigation warrants a finding of bad faith or culpability.").

All five of the aforementioned factors warrant a denial of fees, here.

**(1) The Degree Of Culpability Or Bad Faith Attributable To The Losing Party**

Defendant objected to Plaintiff's Motion for Attorneys' Fees (and appealed the grant of attorneys' fees) based on a good-faith argument, supported by case-law that 1) Plaintiff was not the prevailing party because he received only a remand, not an award of benefits as requested in his complaint and 2) Plaintiff's fees were not reasonably and necessarily expended given that he obtained the same result he would have had he accepted Defendant's settlement offer. Because Defendant had a good-faith basis to argue against the grant of attorneys' fees, this factor weights against granting Plaintiff's Motion.

**(2) The Depth Of The Losing Party's Pocket, i.e., His Or Her Capacity To Pay An Award**;

With respect to the second factor, "[a]n inability to afford attorneys' fees may counsel against an award, [citations omitted], but the capacity to pay, by itself, does not

justify an award, [citation omitted]; *Tiemeyer v. Community Mut. Ins. Co.*, 8 F.3d 1094, 1102 (6th Cir. 1993), *cert. denied*, 114 S. Ct. 1371 (1994)." *Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, 100 F.3d 220, 227 (1st Cir. 1996). Moreover, any funds in Defendant's possession are being held in trust for its beneficiaries. Accordingly, this factor weighs against granting Plaintiff's Motion or, at the very least, lacks significance.

**(3) The Extent (If At All) To Which Such An Award Would Deter Other Persons Acting Under Similar Circumstances**

The only behavior that would be deterred by the grant of attorneys' fees here is a legitimate, good faith appeal. As the First Circuit said in *Cook*, when it denied Plaintiff/Appellee's application for attorney's fees for defending an appeal, "[t]here is no reason to deter a plausible but ultimately unsuccessful appeal." *Id.* at **3.

**(4) The Benefit (If Any) That The Successful Suit Confers On Plan Participants Or Beneficiaries Generally**

An award of attorneys' fees, here, confers no benefit on plan participants. Rather, it would give participant's further incentive to reject a reasonable settlement offer and expend excessive funds pursuing his attorneys' fees.

**(5) The Relative Merit Of The Parties' Positions**

As discussed above, Defendant's arguments against an award of attorneys' fees had merit. If Plaintiff had accepted Defendant's settlement offer, he would have been in the same position he is in now. He would not have lost his right to enforce the settlement agreement, nor would he have lost his right to appeal a subsequent denial of benefits. The Court did not rule on whether Plaintiff would have lost his appeal rights if he accepted Defendant's settlement offer (which was accompanied by a statement that the settlement would not bar Plaintiff from appealing a subsequent denial). Rather, the Court

ruled that it was not wholly unreasonable for Plaintiff to think that he might lose his appeal rights.

Because all five factors weight against an award of attorneys' fees, here, Plaintiff's Motion should be denied.

## III. PLAINTIFF'S ATTORNEYS' FEES ARE NOT "REASONABLE AND NECESSARY"

Plaintiff's motion seeks an unreasonable amount of attorneys' fees and costs and should be substantially reduced. In determining whether attorneys' fees are reasonable, courts begin by ascertaining the time counsel actually spent on the case "and then subtract[] from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary." *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950 (1st Cir. 1984). Courts then apply hourly rates to the constituent tasks, taking into account the "prevailing rates in the community for comparably qualified attorneys." *United States v. Metropolitan Dist. Comm'n*, 847 F.2d 12, 19 (1st Cir. 1988); *see also Grendel's Den*, 749 F.2d at 955. Once established, this method represents a presumptively reasonable fee, although it is subject to upward or downward adjustment in certain circumstances. *See Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir. 1992); *see also Okot v. Conicelli*, 180 F. Supp. 2d 238, 242 (D. Me. 2002). Plaintiff bears the burden of establishing the reasonableness of the rates and hours submitted in his motion for fees. *Chaloult v. Interstate Brands Corp.*, 296 F. Supp. 2d 2, 4 (D. Me. 2004). *See also Adams v. Bowater Inc.*, 2004 U.S. Dist. LEXIS 9247, 9-12 (D. Me. 2004)

### A. Work performed on fee motions

Hours spent preparing the pending fee motions should be compensated at a substantially reduced rate. In *Adams v. Bowater Inc.*, 2004 U.S. Dist. LEXIS 9247, 32-33

(D. Me. 2004), Plaintiffs spent approximately 38.9 attorney hours on a motion for attorneys fees. The Court discounted the award for by 50% because, *inter alia*, "activity related to fee applications 'does not require the same level of expertise or skill as legal work related to substantive claims,' *Weinberger*, 801 F. Supp. at 822-23." *Id.* Defendant requests that Plaintiff's fee be reduced by 50% because a fee application "does not require that same level of expertise or skill as work related to" the substantive portion of his ERISA claim. *See id.*

Moreover, Plaintiff's counsel spent 53.6 hours preparing objections to Defendant's Cross Motion for Attorneys' Fees and replies to his Motion for Attorneys' fees. This does not include the time spent preparing his own Motion for Attorneys' fees, for which time Plaintiff and his attorneys have already been compensated. Defendant submits that fifty-three point six hours is excessive.[*] Moreover, Defendant should not be responsible for paying fees incurred for:

| | | | |
|---|---|---|---|
| 12/27/2006 | T/t clerk to have BRM added to service list | .2 | $32.00 |
| 2/16/2007 | E-mails from/to CAS re: fee agreement | .2 | $46.00 |
| 4/17/2007 | Attn status of Fund's compliance with court order | .3 | $69.00 |
| | | .7 | **$147.00** |

**B. Litigation Costs**

Moreover, Plaintiff's litigation costs (as opposed to Court costs) should be reduced. Section 502(g)(1)'s allowance for "costs of action" empowers courts to award only the types of "costs" allowed by 28 U.S.C. § 1920, and only in the amounts allowed

[*] Defendant's counsel spent approximately twenty-three hours preparing objections, replies and appeals regarding Plaintiff's Motion for Attorneys' fees. Some of that time was spent drafting its Motion for Attorneys' fees. Defendant's counsel charged $165 and, later, $185 per hour. These rates include copying costs, postage and on-line research fees.

by section 1920 itself, by 28 U.S.C. § 1821 or by similar such provisions. *Agredano v. Mutual of Omaha Cos.*, 75 F.3d 541, 544 (9th Cir. 1996). Neither ERISA, nor any other federal statute, authorizes the Court to award a $500 expert witness fee. *See Holland v. Valhi, Inc.*, 22 F.3d 968, 979-80 (10th Cir. 1994) (section 502(g)(1) doesn't authorize courts to shift expert witness fees except to the extent allowed by 28 U.S.C. §§ 1920 and 1821); *Haberern v Kaupp Vascular Surgeons*, 855 F Supp 95 (ED Pa 1994) (Expert witness fees are not recoverable in ERISA actions except as provided by 28 USCS § 1920); *Hall v Ohio Educ. Ass'n*, 984 F Supp 1144 (S.D. Ohio1997) (29 USCS § 1132(g)(1) allows court to award those costs of actions usually allowed under 28 USCS § 1920); *Emmenegger v Bull Moose Tube Co.*, 33 F Supp 2d 1127 (ED Mo 1998) (Term "costs" in 29 USCS § 1132(g)(1) refers to same items of costs listed in 28 USCS § 1920); *Stark v PPM Am., Inc.*, 31 EBC 1218 (ND Ill 2003) (Fee shifting provision of Employee Retirement Income Security Act, 29 USCS § 1132(g)(2), only allows recovery for those costs permitted by 28 USCS § 1920); *In re First Bond & Mortg. Co.*, 74 F.2d 930 (5th Cir. 1935) (Fees of witness who did not attend court or who went to place to familiarize himself to testify as expert may not be taxed as costs.); *In re Air Crash Disaster at John F. Kennedy International Airport*, 687 F2d 626 (2nd Cir. 1982) (Party may not recover cost expense of expert's research and analysis in preparing for trial under guise of expert's work and producing exhibit); *Banks v Chicago Mill & Lumber Co.*, 106 F Supp 234 (DC Ark 1950) (Compensation paid to expert witnesses is not allowable as costs where case was not exceptional.). Accordingly, Plaintiff is not entitled to reimbursement of the $500 expert fee for J. Scott Kilpatrick.

Moreover, Title 28 U.S.C. § 1920 does not allow the recovery of costs for on-line research. *See Grimes v Pitney Bowes, Inc.*, 100 FRD 265 (ND Ga 1983) (In view of limited discretion of District Courts to award as costs expenses not specifically allowed by statute, District Court properly disallows cost of computerized legal research, since it is not specifically provided for in 28 USCS § 1920); *Wolfe v Wolfe*, 570 F Supp 826 (DC SC 1983) (Charges for use of Westlaw computer are considered similar to typing charges, which are presumably incidental to attorneys' services, and therefore not allowed as costs.); *Fressell v AT & T Technologies, Inc.*, 103 FRD 111 (NDGa 1984); *Litton Systems, Inc. v American Tel. & Tel. Co.*, 613 F Supp 824 (SDNY 1985) (Because expense of computer-assisted legal research is not specifically allowed by 28 USCS § 1920, prevailing defendant's submission of such expense in its bill of costs is properly disallowed. Costs of computerized litigation support services, including word processing and use of Lexis, are not recoverable under 28 USCS § 1920 or Rule 54(d)); *Ortega v Kansas City*, 659 F Supp 1201 (DC Kan 1987) (Court allows prevailing civil rights plaintiff clerk's assessment of costs under 28 USCS § 1920, except $ 842.10 for copies, $ 421.37 for postage, $ 54.30 for long-distance calls, and $ 97.76 for Westlaw research, because (1) plaintiff has not yet shown copies were necessarily obtained for use in case, and (2) postage, toll calls and computerized legal research expenses are not specifically provided for in § 1920 and thus are denied in court's discretion.); *Embotelladora Agral Regiomontana, S.A. de C.V. v Sharp Capital*, 952 F Supp 415 (ND Tex 1997) (Reimbursement for cost of computer research charges in amount of $ 467.24 is denied prevailing party, because expenses incurred for computer-assisted legal research are not recoverable under 28 USCS § 1920. ); *Tsombanidis v City of W. Haven*, 208 F Supp 2d

263 (DC Conn 2002) (whether one reads case from book or screen, attorney's time is compensable element, not medium that delivers message.); *Sheffer v Experian Info. Solutions, Inc.*, 290 F Supp 2d 538 (ED Pa 2003) (Costs for access to computer-based legal research were not statutorily authorized and were presumably included in overhead and subsumed within plaintiff's hourly fee.)

Likewise, the Court is not authorized to allow costs for postage charges and copying. In *Adams v. Bowater Inc.*, 2004 U.S. Dist. LEXIS 9247, 9-12 (D. Me. 2004), the court disallowed postage charges, phone charges, fax transmittal charges, photocopy costs, other overhead costs and and westlaw research. Research fees were disallowed because the time expended doing research was already billed by the attorney at the attorney rate. *See Weinberger*, 801 F. Supp. at 827 (disallowing expense because time expended doing research is already billed at attorney rate).

Further, Defendant has no obligation to pay the $20 for Plaintiff’s medical records. See Section III C, infra.

Defendant requests that the Court disallow the following costs:

| | |
|---|---|
| Copying | $ 216.86 |
| On-Line Research | $ 397.75 |
| Postage | $ 14.49 |
| Other Professionals | $ 500.00 |
| Medical Records | $ 20.00 |
| | **$1149.10** |

## C. PLAINTIFF IS NOT ENTITLED TO FEES FOR TIME SPENT APPLYING FOR A DISABILIY PENSION

Plaintiff's counsel spent approximately 12.35 hours preparing Plaintiff's application for a disability pension. Defendant is not responsible for paying attorneys' fees that are unrelated to this litigation. The word "action" in 29 USCS § 1132(g) refers only to proceedings in court; thus, the statute does not authorize an award of attorney's fees for services rendered in administrative proceedings. *See In Sup Choi v Mass. General Physicians Org., Inc.*, 66 F Supp 2d 251 (DC Mass 1999); *see also Cann v Carpenters' Pension Trust Fund*, 989 F2d 313(9th Cir. 1993) (Attorney's fees for administrative phase of claims process are not allowed under 29 USCS § 1132(g)(1); statute limits award to fees incurred in litigation in court); *McElwaine v US West, Inc.*, 176 F3d 1167 (9th Cir. 1999) (Attorney's fees are not available for administrative portion of ERISA appeal.).

Accordingly, Defendant requests that the Court disallow the following hours:

| | | | |
|---|---|---|---|
| 10/5/2006 | Review medicals, t/c/t/ Mrs. Souza re questions about medicals | 1.0 | $160 |
| | Review medicals, t/t Mrs. Souza re Medicals | 1.0 | $160 |
| 12/5/2006 | Attn to letter from health care provider; arrange for fee payment for record production | .20 | $32 |
| 12/21/2006 | T/f Mrs. Souza re case status; t/t/ health care provider re follow up on medical records | .20 | $32 |
| 12/22/2006 | follow up with health care provider re medical records request | .3[†] | $48 |
| 12/26/2006 | t/t health care provider following up on records request | .5[‡] | $80 |

[†] Includes time spent drafting response to Defendant's notice of Appeal. However, because it is not itemized it is impossible to tell how much time is excludable under this section.
[‡] See above.

| | | | |
|---|---|---|---|
| 1/4/2007 | review med. records from health care provider; t/c/t E.Wiens re contact at RI Carp. Pension Plan; draft lt. to RI Carp. Pension Plan; t/c/t Souzas re same; attn to email from Ct. reporter re copy of memo; email to Ct. reporter re same | 1.20 | $192 |
| 3/13/2007 | Attn medical records, chronology; meet with Souzas' re employee statement, attending physician statement; draft employee statement | 2.00 | $320 |
| 3/14/2007 | Attn employee statement and attending physician statement | .70 | $112 |
| 3/15/2007 | Call client re physical therapy records; pre carpenter statement | 1.60 | $256 |
| | C/w CAS re status of disability claim | .25 | $57.50 |
| 3/16/2007 | T/f client re physical therapy records; draft employee statement | .30 | $48 |
| 4/2/2007 | Review employee statement, APS draft l/t Pension Fund; t/f client re same; c/w BRM re payment of attys fee by Fund | .80 | $128 |
| 4/13/2007 | Attn RI Carp Fund compliance with order re: fees, attn status of Souza claim for benefits | .30 | $69 |
| 4/16/2007 | L/t Fund re status of benefit claim review | .30 | $48 |
| 4/17/2007 | Attn fee payment memo from BRM re same; attn prosecution of disability claim | 1.70 | $272 |
| | | 12.35 | **$2014.50** |

**IV. CONCLUSION**

For all of the foregoing reasons, Defendant requests that this Court deny Plaintiff's Motion to Adjudge in Contempt and Motion for Attorneys' Fees. If the Court is inclined to grant Plaintiff's Motion for Attorneys' Fees, Defendant requests that the Court award costs of no more that $14.94 in costs, see section III B, *supra*, and no more than $4742.75 in attorneys' fees. See below.

| | | |
|---|---|---|
| | $11,647.00 | **AMOUNT REQUESTED BY PLAINTIFF** |
| minus | $ 147.00 | (see section III A, supra) |
| minus | $2,014.50 | (see section III C, supra) |
| | $9485.50 | |
| x | .50 | (see section III A, supra) |
| | **$4742.75** | **HIGHEST AMOUNT OF FEES RECOVERABLE** |

Rhode Island Carpenters
Pension Fund
By its attorney,

/s/ Elizabeth Wiens

Elizabeth Wiens, Esq.
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax (401)294-4702

CERTIFICATION

I hereby certify that I electronically filed the within Memorandum on May 3, 2007. The Memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the individual below has been effectuated by electronic means.

Catherine A. Shaghalian
VETTER & WHITE
20 Washington Place
Providence, RI 02903

/s/ Elizabeth Wiens