UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY M. SOUZA, Plaintiff | ) | |
| | ) | C.A. No. 05-186/S |
| v. | ) | |
| | ) | |
| RHODE ISLAND CARPENTERS' PENSION PLAN, Defendant | ) | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO HOLD DEFENDANT IN CONTEMPT AND FOR A SUPPLEMENTAL FEE AWARD**

Plaintiff Barry Souza hereby replies to the objection of the Rhode Island Carpenters Pension Plan (the "Plan") to his motion to adjudge the Plan in contempt and for a supplemental fee award:

## I. The Date Of The Court's Order Is The Operative Date For Purposes Of Calculating The Plan's Deadline For Paying Mr. Souza's Fees

The Plan contends that the date that the clerk docketed the Court's order denying its appeal of Mr. Souza's motion for attorney's fees – February 20, 2007 – controls and that its payment was due on April 23, 2007.[1]

Magistrate Judge Almond's December 8, 2006 memorandum and order granting Mr. Souza's motion for attorney's fees, however, required the Plan to pay Mr. Souza's fees "within 60 days of the *date of this order*" [emphasis added]. At the February 15, 2007 hearing on the Plan's appeal of Magistrate Judge Almond's decision,

---

[1] Plaintiff's counsel concedes that she referred to "Judge Smith's February 20, 2007 order" in an April 3, 3007 letter to the Plan's counsel. Upon later review of the order, however, she noted that the order itself was dated February 16, 2007, not February 20, 2007.

the Court rendered a bench decision denying the Plan's appeal and affirming Magistrate Judge Almond's decision. Mr. Souza's counsel requested that the Court set the same deadline for payment that was set forth in Judge Almond's memorandum and order. The Plan's counsel represented to the Court that the Plan could make payment within 60 days. The Court then – at the February 15, 2007 hearing – ordered the Plan to make payment within 60 days.

Because the Court affirmed Judge Almond's memorandum and order and used the same deadline for payment, the time for the Plan's payment began to run from the date of the Court's order – February 16, 2007. The Plan's deadline for payment was, therefore, April 17, 2007. The Plan was also on notice as of February 15, 2007 that it had to make payment within 60 days.

Mr. Souza's counsel did not receive payment until April 24, 2007, one week after it was due and five days after Mr. Souza filed his motion to hold the Plan in contempt. Although the check from the Plan is mysteriously dated April 17, 2007, it was not mailed from Warwick, Rhode Island until April 23, 2007. Exhibit A.

Even after Mr. Souza filed his motion to hold the Plan in contempt, the Plan made no attempt to inform him about why it did not make payment by April 17, 2007.

The Plan's violation of the Court's order is the latest in a long line of unreasonable actions taken by the Plan. It arbitrarily and capriciously denied Mr. Souza's disability pension benefit claim based on an invalid plan amendment. It took inconsistent positions. It asserted unsupported defenses in response to plaintiff's motion

for summary judgment – defenses that the Court ultimately rejected outright. The Court awarded attorney's fees in part because of the Plan's conduct.

In response to Mr. Souza's motion for attorney's fees, the Plan brought its own motion for attorney's fees, notwithstanding the fact that plaintiff prevailed on summary judgment and that the deadline for moving for an award of fees had passed. Plaintiff incurred additional expense defending this frivolous motion.

## II. The Decision To Award Supplemental Attorney's Fees And Costs Lies Within The Sound Discretion Of The Court

Plaintiff requests that the Court award him supplemental attorney's fees as a sanction for the Plan's violation of the Court's February 16, 2007 order. A fee award is a common sanction for civil contempt. Goya Foods, Inc. v. Wallack Management Co., 290 F.3d 63, 78 (1st Cir. 2002) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980)). "Courts have, and must have, the inherent authority to enforce their judicial orders and decrees in cases of civil contempt. Discretion, including the discretion to award attorney's fees, must be left to a court in the enforcement of its decrees." Cook v. Ochsner Foundation Hosp., 559 F.2d 270, 272 (5th Cir. 1977). Whether to award attorney's fees and costs as a sanction for the Plan's noncompliance with the Court's February 16, 2007 order is a matter within the Court's discretion.

Pursuant to its contempt powers, the Court also has discretion to decide what items of cost to award. The allowance or disallowance of costs or the determination of assessable costs in civil contempt is "within the discretion of the court whose dignity has been offended." Cook at 272; see also Liberis v. Craig, 845 F.2d 326 (6th Cir. 1988); Crane v. Gas Screw Happy Pappy, 367 F.2d 771 (7th Cir, 1966); Schauffler v. United Association of Journeymen & Apprentices, 246 F.2d 867, 870 (3d Cir. 1957); CJS

Contempt § 148. Particular statutes relating costs do not apply in civil contempt proceedings. See Schauffler at 870 (finding that 28 U.S.C. § 1924, requiring verification of bill of costs taxed under 28 U.S.C. § 1920, does not limit the imposition of penalties beyond the ordinary costs as part of equity's jurisdiction in civil contempt proceedings). The Court may award items of cost, even if they are not provided for under ERISA or 28 U.S.C. § 1920.

The supplemental fee award is also warranted under 29 U.S.C. §1132(g)(1). The same factors that compelled the initial fee award now compel a supplemental award.

### III. Mr. Souza's Fees And Costs Are Reasonable

Mr. Souza's fees should not be reduced. The Plan relies on Adams v. Bowater, Inc., 2004 WL 1572697 (D. Me. 2004), in contending that Mr. Souza's fees should be automatically reduced by 50% solely because the fees were incurred in preparing a motion for attorney's fees. The Bowater decision does not mandate this result. The Bowater court reduced fees incurred by plaintiffs' counsel in preparing a fee petition by 50% in part because some of the charged time was spent preparing a common fund fee application.[2] The Bowater court had also concluded that a significant amount of fees had been charged for unrelated work, unsuccessful claims, duplicative entries and overstaffing. The Plan does not make any such allegations here. Because the circumstances of this case are entirely different, no fee reduction is warranted.

---

[2] A common fund application seeks a fee award from plan participants who benefited from litigation but did not participate. Weinberger v. Great Northern Nekoosa Corp., 801 F.Supp. 804, 822 (D. Me. 1992).

The costs set forth in Mr. Souza's request for supplemental attorney's fees are reasonable and were necessarily incurred in pursuing this matter from the date of filing the initial motion for attorney's fees up to the present time. In particular, the Plan contends that the Court should disallow a $500 expert witness fee incurred by Mr. Souza in preparing his request for a supplemental fee award because expert witness fees are not recoverable. The fee charged by J. Scott Kilpatrick, however, was incurred in conjunction with his preparation of an affidavit required under Local Rule 54.1. Mr. Souza was forced to incur this expense in the prosecution of his motion for attorney's fees. The fee should be allowed.

**Conclusion**

For these reasons, plaintiff Barry Souza requests that the Court grant his motion to adjudge the Rhode Island Carpenters' Pension Plan in contempt and for a supplemental fee award.

/s/ Catherine A. Shaghalian
Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: May 14, 2007

CERTIFICATE OF SERVICE

To:

Marc B. Gursky, Esq.
Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road – Suite C
North Kingstown, RI 02852

I hereby certify that I electronically filed the within Reply Memo on May 14, 2007. The Reply Memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record has been effectuated by electronic means.

/s/Catherine A. Shaghalian